In the Matter of the Application for Letters of Administration on the Goods, Chattels and Credits Left Unadministered of ROSE FERRIGAN, Deceased.

LAWYERS' SURETY COMPANY OF NEW YORK, Appellant ; A. NICHOLAS SHERIDAN and Others, Respondents.

*Letters of administration — they cannot be granted to a non-resident alien nor to a resident designated by him — he is not "contingently" entitled to letters — who is — the public administrator is entitled either absolutely or contingently.*

Rose Ferrigan, a resident of the city of New York, who had personal property therein, died, leaving as her sole next of kin a sister, Margaret Kehun, residing at Dundalk, Ireland. John Flynn, of Providence, R. I., was appointed administrator of her estate, and acted as sole administrator until his death, which occurred July 7, 1902.

The said Margaret Kehun died September 24, 1902, leaving her surviving as her sole next of kin a son, William Henry Kehun, of Liverpool, England. Prior to her death, she assigned all her interest in the Ferrigan estate to one Sheridan, of Dundalk, Ireland. Subsequent to Flynn's death, Sheridan, through an attorney, filed a petition in the Surrogate's Court, for letters of administration *de bonis non* of the goods, chattels and credits of the said Rose Ferrigan.

*Held*, that the Surrogate's Court had no authority to appoint the attorney who filed the petition for Sheridan (the public administrator having refused to act) administrator *de bonis non* of the estate of the said Rose Ferrigan;

That there is no statutory provision by which a non-resident alien can obtain letters of administration for himself or another upon a petition filed by him for that purpose;

That Sheridan was not "contingently" entitled to the letters of administration, within the meaning of section 2662 of the Code of Civil Procedure;

That the word "contingently," as used in this section, means a person to whom, at the time the petition was filed, letters would issue, if persons having a prior right thereto under section 2660 of the Code of Civil Procedure did not take;

That the public administrator of the county of New York was entitled, either absolutely or contingently, to letters of administration on the estate, and that, if any reason existed why such letters should not issue to him, some other suitable person might be appointed.

APPEAL by the Lawyers' Surety Company of New York from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 25th day of November, 1903, granting letters of administration upon the estate of Rose Ferrigan, deceased.

*Carlisle Norwood,* for the appellant, Lawyers' Surety Company.

*George H. Starr,* for the respondent Sheridan.

*William T. Carlisle,* for the respondent Kehun.

McLaughlin, J.:

On the 15th of October, 1893, Rose Ferrigan, a resident of the city of New York, having personal property therein, died leaving her surviving a sister, Margaret Kehun, her only next of kin, who resided at Dundalk, Ireland. Upon the death of Mrs. Ferrigan, John Flynn, of Providence, R. I., and Mrs. Jennie Tinney, of New York, were appointed her administrators. They qualified and acted as such until the 15th of April 1898, when Mrs. Tinney was removed and thereafter Flynn acted as sole administrator until his death, which occurred on the 7th of July, 1902, the Ferrigan estate not then having been fully administered. Mrs. Kehun died on the 24th of September, 1902, leaving her surviving as her next of kin an only son, William Henry Kehun, who resides at Liverpool, England. Shortly prior to her death she assigned — apparently upon the supposition that her son was dead, as appears from statements in the assignment — all of her interest in the Ferguson estate to A. Nicholas Sheridan, then and ever since a resident of Dundalk, Ireland. Subsequent to the death of Flynn, Sheridan, through an attorney of this court, filed a petition in the Surrogate's Court for letters of administration *de bonis non* of the goods, chattels, etc., of Rose Ferrigan, deceased. Upon the return of the citation issued upon the petition the application of Sheridan was opposed by the Lawyers' Surety Company, the surety upon Flynn's bond, upon the ground that the petition of Sheridan was insufficient to give the court jurisdiction to appoint an administrator. The opposition of the surety company was ineffectual, and an order was entered appointing (the public administrator having refused to act) the attorney who filed the petition for Sheridan, and the surety company has appealed.

I am of the opinion that the order should be reversed. The Surrogate's Court is a court of limited jurisdiction. It has such powers as the statute gives it and no more. (See Code Civ. Proc. § 2472

*et seq.*) Therefore, unless there be some statutory provision by which a non-resident alien can obtain letters for himself or another, upon a petition filed by him for that purpose, there was no authority in the court to entertain the petition filed. We have been unable to find any such authority in the statute; on the contrary, section 2661 of the Code of Civil Procedure expressly provides that letters of administration shall not be granted to a person not a citizen of the United States unless he is a resident of the State. Sheridan is not a citizen of the United States, nor is he a resident of the State of New York; on the contrary, the fact is not disputed that at the time the petition was filed he was a resident of Dundalk, Ireland. He could not, therefore, obtain letters for himself, and he could not authorize any one to do for him what he is precluded from doing. (*Sutton* v. *Public Administrator*, 4 Dem. 33.) Nor is there force in the suggestion that he could, under section 2662 of the Code of Civil Procedure, present to the Surrogate's Court a petition asking for letters, inasmuch as he was "contingently" entitled to letters himself. But he is not "contingently" entitled to letters. The word "contingently" as used in this section means a person to whom, at the time the petition is filed, letters would issue if persons entitled thereto in priority under section 2660 did not take. Here, when the petition was filed Sheridan could not obtain letters, nor could he file a petition for letters because he was not then "contingently" entitled thereto, and he could not be, not being a citizen of the United States, until he became a resident of this State.

If we are right in this conclusion then it necessarily follows that the Surrogate's Court did not have jurisdiction to entertain the application of Sheridan, and for that reaason the order appealed from must be reversed and the proceeding dismissed. The public administrator of the county of New York is either absolutely or contingently entitled to letters of administration on this estate (Code Civ. Proc. § 2660), and he can, therefore (Id. § 2662), apply for the same, and if any reason exists why letters should not issue to him, that fact being made to appear, some other suitable person can be appointed.

The order appealed from, therefore, is reversed, with ten dollars costs and disbursements against the respondent Sheridan, and the

proceeding instituted upon his petition dismissed, with costs in the court below.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements against the respondent Sheridan, and the proceeding instituted on his petition dismissed, with costs in the court below.