WILLIAM BIGGS, Appellant, *v.* CITY OF GENEVA, Respondent.

*Biggs* v. *City of Geneva,* 100 App. Div. 25, affirmed.
(Argued March 12, 1906; decided March 20, 1906.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
December 22, 1904, which reversed an order of the court at
a Trial Term denying a motion for a new trial after a verdict

in favor of plaintiff, and granted such motion upon questions of law only, the facts having been examined and no error found therein.

*John Gillette* for appellant.

*W. Smith O'Brien* for respondent.

EDWARD T. BARTLETT, J. The plaintiff seeks to recover damages of the city of Geneva for personal injuries caused by its negligence in permitting ice to form on the sidewalk upon which he fell, fracturing his wrist.

The charter of defendant provides that no action can be maintained against the city for personal injuries unless notice in writing " of the intention to claim damages, and of the time and place at which the injuries were received, and the nature and extent of such injuries, shall have been filed with the corporation counsel within one month after such injury shall have been received."

The plaintiff failed to serve this notice within the time prescribed. The record discloses no reason relieving plaintiff from complying with this statutory requirement, which is a condition precedent to beginning the action.

In *Jones* v. *City of Albany* (151 N. Y. at p. 226) Chief Judge ANDREWS said : " But the legislature may regulate the right to bring an action against a municipal corporation for a tort, or upon a contract, by imposing conditions precedent to be observed by the plaintiff, or it may make a special statute of limitations, thereby changing the ordinary rule and restricting the usual remedy in such cases."

In the case at bar the period of one month, within which to serve the notice of injury, was reasonable under the facts proved. The question, therefore, is not presented whether an act prescribing a period so brief as to be unreasonable and oppressive, within which to serve notice of injury, would be a constitutional exercise of legislative power.

The order of the Appellate Division should be affirmed, with costs, and judgment absolute awarded to defendant, with costs, upon the stipulation.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Ordered accordingly.