(87 Misc. Rep. 564)

### In re MURPHY.

(Surrogate's Court, Bronx County. November, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 17*)—APPOINTMENT OF ADMINISTRATOR—RENUNCIATION—"CONSENT."

　　A renunciation, executed in the usual form by decedent's father, the only person entitled to share in the estate under Consol. Laws, c. 13, § 98, subd. 7, was not a sufficient "consent," within Code Civ. Proc. § 2588, to authorize the appointment of the mother as administratrix, where it named no person and contained no consent for any one to be appointed.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. § 17.*

　　For other definitions, see Words and Phrases, First and Second Series, Consent.]

In the matter of Arthur J. Murphy, deceased. Application for letters of administration. Application denied.

Joseph L. Egan, of New York City, for petitioner.

SCHULZ, S. The petitioner, the mother of the decedent, applies for letters of administration, and presents with her petition a renunciation in the usual form, executed by the father of the decedent. The latter left him surviving, in addition to his mother, his father, two brothers, and a sister, and no widow, child, or descendant. The father, therefore, takes the whole personal estate. Decedent Estate Law (being Laws 1909, c. 18, constituting Consol. Laws, c. 13) § 98, subd. 7.

Administration in case of intestacy must be granted to the persons entitled to take or share in the personal property, who are competent and will accept the same, in the order specified in section 2588 of the Code of Civil Procedure. Under that section, the father of the decedent is the only person entitled to have letters granted to him by reason of his right to share in the estate. Matter of Elder, 87 Misc. Rep. 79, 150 N. Y. Supp. 114. By the same section it is provided that administration may be granted to a competent person, not entitled, upon consent of all the persons entitled to take or share in the estate who are within the state and competent, which consent must be in writing and filed in the office of the surrogate.

The father being the only person entitled to take or share in the estate now under consideration, and being within the state and competent, may, by his consent in writing filed with the surrogate as provided by this section, consent to the appointment of a competent person.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The renunciation of the father above referred to does not name any person, contains no consent that any one be appointed, and hence is not a compliance with this section, in my opinion. If the mother also had a right of appointment as administratrix, and the difference between that right and the right of the father were one of priority only, then the renunciation of the father, having prior right, would, without any consent on his part, enable the mother to have letters issued to her; but here no right exists in the mother, except such as may be created through the consent of the father, and hence his consent to her appointment is indispensable.

The provision referred to is new, and the revisers' note states that it "is intended to allow competent and resident parties, who take, to consent to have an outsider appointed"; an "outsider" being, I assume, any person not entitled to share in the decedent's estate. The mother may therefore be appointed, if the provisions of the section are complied with. The application upon the papers thus far submitted is, therefore, denied, but will be granted if the father files a consent such as is referred to in the section of the Code above cited.

Decreed accordingly.