Matter of the Application for Letters of Administration on the Goods, Chattels and Credits of HELENE MOREL, Deceased.

(Surrogate's Court, Bronx County, May, 1918.)

Executors and administrators — public administrator — application by creditor for letters of administration — Code Civ. Pro. §§ 2588, 2589, 2590.

Upon an application by a creditor of the decedent who was a citizen of Switzerland, and left no resident next of kin, for letters of administration, the public administrator demanded that they be granted to him because by statute he had a prior right thereto. Sections 2588, 2589 and 2590 of the Code of Civil Procedure considered, and, upon granting letters, *held*, that, while the creditor may begin proceedings for appointment as administrator, he will be appointed only in the event of the failure or refusal of the public administrator to accept, or after an order has been made upon his application excusing him from acting, and that the latter has a right to letters of administration prior to that of the creditor.

CONTESTED application for letters of administration.

Geller, Rolston & Horan, for petitioner.

Ernest E. L. Hammer, public administrator in person.

SCHULZ, S. A creditor of the decedent applies for letters of administration upon the latter's estate and has cited the public administrator of Bronx county. The latter objects to the granting of letters to the petitioner and demands that the same be granted to him.

It is alleged that the decedent had executed a will in Switzerland, while on a visit to that country, which has been admitted to probate there but which is not entitled to probate here. The executor named in that document has, by a written power of attorney, appointed the petitioner his attorney in fact, among other things to apply for letters of administration in this jurisdiction.

I cannot consider the power of attorney on this application except as indicating that the executor under the foreign will would like to have the petitioner named as administrator. This might be helpful to the court if the matter of appointment rested in the court's discretion, which, however, is not the case. The proceeding therefore makes it necessary to determine whether a creditor has a right to letters of administration which is prior to that of a public administrator.

The petitioner claims that as a creditor he shares in the personal property of the decedent, and hence under section 2588 of the Code of Civil Procedure, which provides that letters of administration in case of intestacy must be granted " to the persons entitled to take or share in the personal property " of the decedent in the order there stated, he is entitled to administration after the relatives and next of kin set forth in the 8th subdivision of that section. He also contends that as the section further provides that the public administrator must be granted administration " if no person entitled to take or share in the estate will accept the same " and as he is entitled to share

in the estate, the public administrator cannot receive letters until he, the petitioner, refuses to accept administration.

The designation " persons entitled to take or share in the personal property " does not include creditors. A creditor is entitled to payment of an amount due him; he does not share in the estate of the decedent as that term is used in the statute.   In the report of the commission to revise the practice and procedure in Surrogates' Courts, transmitted to the legislature February 9, 1914, the revisers say (p. 2) : " The priority of right to letters of administration has been changed so as to place creditors after the public administrator."   And again in the same report in the note to section 2588 (p. 114) appears the following: " This now gives preference to public administrator over creditors.   Subd. c as amended amply provides for every other interested person, including under-taker, creditor and one interested in action about to be brought."

There can be no doubt, it seems to me, from the language quoted, that the intent of the revisers was to give public administrators, generally, a preference over creditors and to include creditors in subdivision " c " under the designation " any other person or persons."   With the report before it, the legislature passed the section as drafted by the revisers, and it is therefore fair to impute the same intent to it.   A discussion therefore as to whether or not the public administrator of Bronx county was entitled to a priority over creditors, under the Code, as it was prior to the revision, would now be unprofitable.

The fact that creditors have a right under section 2589 to petition for their own or another person's appointment, does not, as argued by the counsel for the petitioner in his well prepared memorandum, indi-

Surrogate's Court, Bronx County, May, 1918. [Vol. 103.

cate that they have a right to appointment over the public administrator. Code section 2590 provides that every person who has a right to administration prior or equal to that of the petitioner must be cited upon a petition for letters of administration, and that such person may renounce his right by a written instrument, except that a public administrator may not renounce his right and may only be excused from acting as such upon his motion and upon an order made and entered thereupon by the surrogate. While creditors may petition therefor, they must cite those who have a prior right and may be appointed only in the event of the failure or refusal of the latter to accept, or, in the case of a public administrator, after an order has been made upon his application excusing him from acting.

I conclude that the public administrator has the prior right to administer in this matter and his objections will therefore be sustained and the petition denied in so far as it prays for the appointment of the petitioner. A decree will be entered appointing the public administrator.

Decreed accordingly.