In the Matter of the Estate of FRIEDA ALBRECHT, Deceased.

Surrogate's Court, New York County, June, 1922.

**Executors and administrators — when husband not entitled to administer estate of divorced wife — failure to enter final decree in divorce.**

Under section 1176 of the Civil Practice Act the entry of a separate final judgment for divorce is not necessary.

Where on the day after a judgment for absolute divorce against a wife became final she died, her former husband is not entitled to letters of administration upon her estate.

PETITION for letters of administration.

*John J. Connell,* for public administrator.

*Mark Aaron,* for petitioner.

FOLEY, S. The decedent's husband petitions for letters of administration. On November 17, 1921, in an action for absolute divorce, an interlocutory judgment was entered in his favor against the intestate. This judgment was in the usual form and provided

47

that it " shall become the final judgment as *of course* three months after the entry and filing thereof, * * *. Upon this judgment becoming the final judgment, the said marriage shall be dissolved * * *." Italics mine. The judgment became final, therefore, upon the 17th day of February, 1922 (Civil Practice Act, § 1176; Gen. Const. Law, § 30; *Biggs* v. *City of Geneva*, 100 App. Div. 25; affd., 184 N. Y. 580), and under the terms of the interlocutory decree, and the provisions of section 1176 of the Civil Practice Act, it was not necessary to enter a separate final judgment. The decedent died on February 18, 1922, at twelve-fifteen A. M. Consequently, the marital rights of the parties were terminated prior to the death of the wife, and the petitioner is not entitled to letters of administration as the husband. *Matter of Ensign*, 103 N. Y. 284; *Matter of Merritt*, 155 App. Div. 228, 231. Letters will issue to the public administrator.

Decreed accordingly.