In the Matter of the Application for Letters of Administration with the Will Annexed of the Goods, Chattels and Credits Which Were of WILLIAM WALTER JORDAN, Deceased.

WILLARD P. JESSUP, Appellant; FRANK V. KELLY, Public Administrator of the County of Kings, Respondent.

Second Department, June 29, 1922.

**Executors and administrators — assignee of sole legatee under will has no right to be appointed administrator with will annexed.**

An assignee of a sole legatee under a will has no right to be appointed administrator with the will annexed of the estate of the testator, as there is no provision in the Surrogate's Court Act giving an assignee such right.

APPEAL by the petitioner, Willard P. Jessup, from a decree of the Surrogate's Court of the county of Kings, entered in the office of the clerk of said Surrogate's Court on the 4th day of May, 1922, denying his petition to be appointed administrator with the will annexed of William Walter Jordan, deceased, and appointing the public administrator of the county of Kings as such administrator *c. t. a.*

*Albert W. Gray,* for the appellant.

*Peter B. Hanson,* for the public administrator, respondent.

KELBY, J.:

The will of the decedent has been duly admitted to probate, and in the will Mary Jane Dickens is the sole legatee of the property of the testator and is also named as sole executrix in said will. The executrix named is a citizen and inhabitant of the city of Manchester, Eng., and is, therefore, not competent to serve as executrix by reason of the provisions of subdivision 3 of section 94 of the Surrogate's Court Act. That subdivision expressly declares that an alien not an inhabitant of this State is incompetent to serve as an executor. It is alleged in the petition and not controverted by the answer of the public administrator, that the sole legatee by an assignment in writing sold, assigned and transferred to the petitioner her legacy under the said will and all her right, title and interest as sole legatee in said will. The petitioner claims by reason of this assignment that he is entitled to letters.

Section 133 of the Surrogate's Court Act, formerly section 2603 of the Code of Civil Procedure, provides in part as follows: " If no person is named as executor in the will, or selected by virtue of a power contained therein; or if, at any time there is no executor, or administrator with the will annexed, qualified to act; the surro-

gate must, upon the application of a creditor of the decedent, or a person interested in the estate of the decedent, * * * issue letters of administration with the will annexed, as follows: * * * 2. To one or more of the residuary legatees, who are qualified to act as administrators." The petitioner claims under subdivision 2 just above quoted. A sole legatee is undoubtedly a residuary legatee within the meaning of this provision. The difficulty is, however, that there is no provision in the statute giving the assignee of a sole legatee any rights at all as a person to be appointed administrator *c. t. a.* An assignee is not a legatee, although an assignee is a person interested, as defined by former section 2768 of the Code of Civil Procedure (now section 314 of the Surrogate's Court Act). As a person interested, the petitioner could have filed a petition for the appointment of some person qualified to act, but he himself, under the statute as it reads, has no right to be the administrator.

Appellant relies upon *Matter of Clute* (37 Misc. Rep. 710) as authority for his position. In that case a stranger to the decedent was made the sole legatee. Thereafter the blood relatives of the decedent compromised with the legatee, who renounced her right to letters and who assigned over her interest in the estate on payment of $200. The sole legatee then sought to retract her renunciation of letters. All of the next of kin of decedent consented to the appointment of the petitioner in that case, who was the assignee named in the assignment, and the surrogate then said, after finding that the assignment was made with full recognition of the assignor's rights and that there was no fraud: " By virtue of the assignment filed in this court * * * he is presumptively the owner of and entitled to the whole personal estate, * * * having succeeded to the rights of the sole legatee named in said will. Section 2643 directs to whom letters *c. t. a.* shall be issued, being first to a residuary legatee, second to a principal or specified legatee, third, to a next of kin and fourth to a creditor. There is no residuary or principal legatee entitled to letters unless it be Clute who has purchased all the rights of the only residuary and principal legatee named in the will. Section 2643 does not give the right to administer to *persons* as persons as does section 2660,* but it gives it to the persons named because of their property rights and interests in order that vested rights may be protected." In making this latter statement the surrogate followed *Matter of Lasak* (30 N. Y. St. Repr. 356), where, construing former section 2643 of the Code of Civil Procedure, it was said that the object of the statute, in conferring a

---

* See Code Civ. Proc. §§ 2643, 2660, as amd.; Id. §§ 2603, 2588, revised by Laws of 1914, chap. 443, as amd.; now Surr. Ct. Act. §§ 133, 118, respectively.— [REP.

*preference* on the residuary legatees, seems to be to place the administration in the hands of those whose interest it is to see that the estate is administered honestly and without undue and careless waste.   It is agreed that this is the origin of the *order* for the issuance of letters *c. t. a.*   It is a matter of common experience that the major part of an ordinary estate goes under the residuary clause, and for that reason residuary legatees are preferred over other legatees.   The statute, however, confers the right to the issuance of letters to legatees, and nowhere does it give an assignee any such right.

We think that the learned surrogate was correct in adjudging that the assignee of the legatee had no rights of administration, and that he properly granted letters to the public administrator.

The decree of the Surrogate's Court of Kings county should be affirmed, with costs.

BLACKMAR, P. J., RICH, JAYCOX and YOUNG, JJ., concur.

Decree of the Surrogate's Court of Kings county affirmed, with costs.