In the Matter of the Estate of FRIEDA ALBRECHT, Deceased.

Surrogate's Court, New York County, November, 1922.

**Executors and administrators — when husband who has divorced his wife not entitled to administer her estate.**

A former husband whose former wife died intestate after the interlocutory judgment in his favor in an action for divorce had become final is not entitled to letters of administration upon her estate either as " husband " or as a person entitled " to take or share " in the distribution thereof.

REARGUMENT of application for letters of administration.

*Alex. Sidney Rosenthal (Charles T. Insler,* of counsel), for petitioner.

*John J. Connell,* for public administrator.

FOLEY, S.    The former husband of decedent moves to reargue his application for letters of administration in this estate.    The question to be decided is whether he has priority over the public administrator.

On November 17, 1921, an interlocutory judgment in a divorce action was entered in favor of the husband against the intestate. Under its terms, the judgment became final three months after the entry and filing of the interlocutory judgment.    The judgment became final previous to the death of the intestate.    It was held, upon the previous argument of this matter, that the marital rights of the parties were terminated prior to the death of the wife, and that the petitioner was not entitled to letters of administration as the husband.    *Matter of Frieda Albrecht,* 118 Misc. Rep. 737.    The absurdity of a ruling that the petitioner comes within the term " surviving husband " is demonstrated by assuming that A has been married and divorced successively by her various husbands, B, C and D.    There can be but one surviving spouse, yet under the theory advanced by the petitioner, each one of the successful plaintiffs surviving her would be equally entitled to administer her estate.

Nor do the provisions of section 1158 of the Civil Practice Act (former Code Civ. Pro. § 1760, subds. 2, 3) continue his right to administer.    That section provides:    " *Property rights in action for divorce by husband.*    A judgment dissolving the marriage, in an action for divorce brought by the husband, does not impair or otherwise affect the plaintiff's rights and interests in and to any real or personal property which the defendant owns or possesses when the judgment is rendered.    \*    \*    \*"    The section, as indicated by its title and contents, applies only to his *property* rights in the estate.    It is clear that the petitioner is not entitled to letters as the *husband of the decedent.*

The petitioner contends in the alternative that he is a person entitled to " take or share " in the distribution of the estate, and as such that his appointment is to be preferred under the provisions of section 118 of the Surrogate's Court Act (former Code Civ. Pro. § 2588).   The language of section 118 of the Surrogate's Court Act provides that " Administration in case of intestacy must be granted to persons entitled to take or share in the personal property in the following order.   * * * "   Then follows the priority of surviving husband or wife and next of kin.   The 8th subdivision provides:   " To any other next of kin entitled to share in the distribution of the estate * * *."   The section then provides:   " If no person entitled to take or share in the estate will accept the same * * * then administration shall be granted as follows:   (a) To the public administrator * * * (c) To any other person or persons."   Under the recognized rules of statutory construction, this section must be construed to limit the words " If no person entitled to take or share in the estate " to the distributees previously enumerated.   General phrases in a statute must yield to particular specifications contained in the same statute.   *Matter of Mondshain,* 186 App. Div. 528; *Matter of Hermann,* 178 id. 182; affd., 222 N. Y. 564; *Matter of Holzworth,* 166 App. Div. 150; affd., 215 N. Y. 700.   The section must, therefore, be construed as if it read " If *none of the foregoing* persons entitled to take or share in the personal estate will accept the same," letters shall be granted to the public administrator.   With the legislative intent thus clearly expressed, since the petitioner is not one of the next of kin, he must be regarded as within the class (with creditors) of " any other person or persons " in subdivision c, and his right to administer is subordinate to the public administrator.   The order of eligibility is mandatory upon the surrogate.   Jessup-Redfield's Surr. Pr. 721.   The peculiar status of the petitioner has not been provided for by the legislature. The provisions of section 13 of chapter 230 of the Laws of 1898, relating to the public administrator of New York county, do not conflict with this disposition.   That section gives preference only to " a widow or any relative of the deceased entitled to share in his estate, willing, competent and qualified according to law to take letters of administration."   The rule that the next of kin entitled to participate are to be preferred to the public administrator was followed by Surrogate Ketcham in *Matter of Arbuckle,* 77 Misc. Rep. 309, and by myself in *Matter of Neumond,* N. Y. L. J. Oct. 31, 1922.   In those cases the relationship was established and the only question was the residence of the applicant.   Here, the command of the statute must be obeyed and the omission

of the legislature cannot be supplied by judicial amendment. *Matter of Goddard,* 94 N. Y. 544. In this particular estate additional ground for this disposition is found in the fact that the decedent left a father abroad, whose interests in the estate must be protected.

The application for letters is denied.

Decreed accordingly.