In the Matter of the Estate of ANNA E. MACMILLAN, Deceased.

Surrogate's Court, Bronx County, January 21, 1929.

*Carter, Ledyard & Milburn*, for the petitioner.

*James W. Brown*, public administrator.

SCHULZ, S.   No person is nominated as executor in the will of the decedent, nor does the same contain any power by which such an executor may be selected, and hence the provisions of section 133 of the Surrogate's Court Act apply.   These provide that under such circumstances, letters of administration with the will annexed shall issue to the persons there set forth "upon the application of a creditor of the decedent, or a person interested in the estate of the decedent, * * *."

The petitioner is a person interested in the estate of the decedent and, although a non-resident alien, has the right to petition and to have her petition entertained.   She has so petitioned and prays that letters be issued to a trust company, and she submits with her application renunciations and consents by herself and by the only other beneficiary named in the will.   The two beneficiaries are aliens and not inhabitants of this State, and hence under section

94, subdivision 3, of the Surrogate's Court Act, are not competent to serve as administrators.

The decedent left no husband and her only next of kin is her sister, the petitioner, who is one of the beneficiaries under her will. As there is no qualified person entitled to letters under the first four subdivisions of section 133 of the Surrogate's Court Act, the appointment must be made pursuant to subdivision 5 which provides, so far as material, that " If there is no qualified person, entitled under the foregoing subdivisions, who will accept, then to the public administrator, * * *." The public administrator has appeared and demands letters. Section 133 also provides that " Except as to the right of priority as provided in this section, the provisions of section one hundred and eighteen of this act apply to an application for letters of administration with the will annexed." This section, so far as material, is as follows: " Administration may be granted to one or more competent persons, jointly with a person entitled upon the application of a person entitled to take or share in the personal property, or to a competent person or persons not entitled, upon the consent of all the persons entitled to take or share in the estate whether within or without this state and competent, * * *."

The question arising on this application is whether persons who are entitled to the whole estate but who themselves are not competent to receive letters of administration, may upon their consents, have letters issued to a third person not entitled to share in the estate under the provision above quoted, and this involves a determination of the meaning of the word " competent " as used in this section.

If the word " competent " means competent to receive letters, they cannot by their consent compel the granting of the same to someone nominated by them. It is my opinion that the word as used in the section means competent to receive letters. If this is not so and it is used in the ordinary sense of denoting persons mentally fit, it would follow from the provision in the section to the effect that " Administration may be granted to one or more competent persons, jointly with a person entitled to take or share in the personal property, or to a competent person or persons not entitled * * *," that letters might issue to a non-resident alien or to a felon or even to an infant, and this would clearly contravene section 94 of the Surrogate's Court Act. It seems quite clear, therefore, that in this part of the sentence the word was used in the same sense as in section 94. There is nothing to indicate that the Legislature used the same word to convey entirely different meanings in the same sentence of the same section.

Again, if it is not used to designate persons entitled to receive letters, it would follow that the petitioner who concededly could not be appointed, might by her petition and the consent of herself and her aunt, compel the appointment of her nominee. Such a result is not supported by the authorities. (*Matter of Ferrigan*, 92 App. Div. 376; *Matter of Flynn*, Id. 379; *Sutton* v. *Public Administrator*, 4 Dem. 33.)

It is to be regretted that the relief prayed for cannot be granted, but under the law as it now exists and in the absence of any published authority that I have been able to find or that has been drawn to my attention, to the contrary, I am constrained to deny the application in so far as it nominates an administrator with the will annexed, but I shall grant it to the extent of appointing such an administrator and issue letters to the public administrator of Bronx county.

Settle decree accordingly.