In the Matter of CHARLES BRANCATI, Deceased.

Surrogate's Court, Bronx County, May 16, 1930.

*Alexander A. Doblin*, for the petitioner.

*Milton Silbermann*, for the public administrator.

HENDERSON, S. This is an application brought by a creditor of a missing person for issuance of temporary letters of administration upon the estate of such absentee, to three brothers of the absentee jointly with a New York trust company. The public administrator appeared herein and requested their issuance to him. The absentee was a physician, unmarried, a citizen, and at the time of his disappearance, a resident of Bronx county.

The only person entitled to share in his estate, if he is dead, is his mother, an alien who resides in Italy. He disappeared on

November 19, 1928. On the following day, his absence was reported to the police department of the city of New York, and later to the district attorneys of New York and Bronx counties. Efforts have been made to locate him since that time. He has communicated with no one, nor have the efforts to locate him been successful. It appears from the petition and affidavits annexed thereto that the absentee disappeared under circumstances which I hold afford reasonable ground to believe that he is dead. He left considerable real and personal property. This application is made under subdivision 2 of section 126 of the Surrogate's Court Act, wherein it is provided that the application must be made " in like manner as where an application is made for administration in case of intestacy; and the proceedings are the same as prescribed in this act relating to such last-mentioned application."

Section 118 of the Surrogate's Court Act sets forth the order in which letters of administration must be granted. In the instant case the mother, who is the only next of kin, is not entitled to letters because she is a non-resident alien, in which case the section further provides that the person next entitled to letters of administration is the public administrator. The decisions in *Matter of Pearson* (228 App. Div. 418); *Matter of Plath* (56 Hun, 223); *Matter of Watson* (123 Misc. 323); *Matter of Eggsware* (Id. 541), cited by the petitioner, do not refer to administration of estates of missing persons, and they are not controlling in the present circumstances. They are concerned with applications under subdivision 1 of section 126, wherein no reference is made to the proceedings prescribed for cases of intestacy.

It is urged that the mother approves the appointment as prayed in the petition, and has forwarded a power of attorney appointing those persons to act in her place. The mother is not able to take letters herself, and cannot confer upon somebody else the right to obtain them. (*Matter of MacMillan*, 133 Misc. 570; *Sutton* v. *Public Administrator*, 4 Dem. 33.)

The petitioner in this case is a creditor and urges that it is discretionary as to whom shall be appointed. I find no such discretion, and hold that the appointment of the public administrator is mandatory. (*Matter of Kroog*, 84 Misc. 676; *Matter of Mora*, 133 id. 254; *Matter of MacMillan, supra.*) If my conclusion that I am restricted in my selection of a temporary administrator by the provisions of section 118, is erroneous, the public administrator will be appointed in the exercise of my discretion.

I shall grant the application for the appointment of a temporary administrator and issue letters to the public administrator of Bronx county. Settle decree accordingly.