In the Matter of the Estate of FELICIE MARRET, Deceased.

Surrogate's Court, New York County, June 15, 1934.

*Mitchell, Taylor, Capron & Marsh [James D. Ouchterloney* and *Earle J. Starkey* of counsel], for the petitioner.

*Joseph A. Cox*, for the public administrator.

DELEHANTY, S.   A first cousin once removed of deceased petitions this court for the appointment of City Bank Farmers Trust Company as administrator of the estate of deceased.   The petition states that no persons are known to petitioner to exist who have prior right to letters or who are related to deceased in equal degree with petitioner.   Petitioner concededly is a non-resident alien and himself not entitled to letters.

The public administrator has been cited and appeared and has demanded that letters issue to him.   The question presented involves the interpretation and true meaning of the provisions of chapter 433 of the Laws of 1890.   This enactment contains a special grant of power inuring to the benefit of City Bank Farmers Trust Company.   The pertinent provisions of the enactment follow: " Whenever application shall be made to any court of this state, or to any judge, or to a surrogate of any county, for letters of

administration upon the estate of any deceased person, with or without the will annexed, and it shall appear that there is no person entitled to a distributive share in the estate willing and competent to accept such administration, said court, judge, or surrogate may, and at the request of any person interested in the estate, who would, if competent, be entitled to such appointment, shall grant letters of administration on said estate to said company."

Petitioner asserts that the act requires this court to heed the request for the appointment of the trust company if it is made by a person interested in the estate " who would, if competent, be entitled to " letters of administration on the estate. To paraphrase its argument it is urged that a person incompetent to receive letters (if he be a person interested in the estate) may nevertheless designate the person who is to receive them. The argument is that though petitioner is disqualified to take the letters since he is a non-resident alien the court is constrained to designate his appointee for the reason that petitioner would have been entitled to the letters if he had been competent to receive them.

The argument has a certain plausibility but it is intrinsically unsound. If the meaning contended for be attributed to the statutory enactment then there has been established by the Legislature a special privilege which is not only singular to this trust company but is one which runs counter to the entire theory of grant of administration as established by the Surrogate's Court Act and the predecessor statutes and as interpreted by the decisions of the courts. If a meaning consonant with general principles can be attributed to the statutory enactment in question, such meaning should be adopted in preference to the one contended for by petitioner. There is no difficulty in finding such more suitable meaning in this enactment. It means only that if the request comes from a person who himself is entitled to the letters he may designate the trust company as his substitute. The statute means the same thing that it would mean if the text of the particular phrase relied upon had been " at the request of any person interested in the estate, who would [assuming his competency] be entitled to such appointment." Long antedating this special statute and at least as early as the Revised Statutes of 1859 it was provided that letters of administration should not be granted to a felon, to an incompetent, to a non-resident alien, to an infant, or to one incapable to discharge the duties of the trust by reason of evil habits or want of understanding. Other disqualifications existed then which no longer are contained in section 94 of the Surrogate's Court Act. The section referred to which now defines persons incompetent to receive letters has its roots in statutory restrictions

which preceded the act of 1890 upon which petitioner relies. It is in the light of such then existing statutory definitions of incompetency that the Legislature enacted chapter 433 of the Laws of 1890 and the meaning ascribed to such latter enactment is plain when such earlier restrictions are considered.

That this is the true meaning of the particular clause upon which reliance is placed by petitioner is evident from the preceding clause which says that " Whenever * * * it shall appear that there is no person entitled to a distributive share in the estate willing and competent to accept such administration," the surrogate *may* appoint the trust company as administrator. It is plain that the Legislature was thinking of a situation in which none of the persons interested in the estate wanted the task of administration though some of them were competent to take letters. The enactment contains two ideas. The first is that if none of the parties interested in the estate were competent or though some were competent, if none was willing, the court had the authority but was not compelled to grant administration to the trust company. The second is that if the court had before it the specific request for the appointment of the trust company made by a person interested in the estate who was himself competent to take letters, and if no other person interested in the estate and competent to take letters was willing to act, then the court must heed the request and must appoint the trust company. In other words, the enactment intended to give to the persons interested in the estate and who were themselves competent to take letters the right to designate in their stead the trust company. It has been held consistently that a person who himself is not entitled to letters may not designate as an estate representative one otherwise not entitled to so act. (*Sutton* v. *Public Administrator*, 4 Dem. 33; *Matter of Ferrigan*, 92 App. Div. 376; *Matter of Flynn*, Id. 379; *Matter of Lerner*, Schulz, S., N. Y. L. J. Oct. 22, 1925.)

While this particular trust company obtained the right to act on nomination as early as 1890, a general grant of substantially the same power was given in the general revision of 1914. This general power of nomination was first limited to resident parties who were entitled to letters. Later on this power was also extended to non-resident parties so entitled. The legislative policy of permitting designations which is now contained in the final paragraph of section 118 of the Surrogate's Court Act negatives the idea that there was a special and peculiar grant to this trust company which petitioner seeks to have appointed.

As stated, the public administrator asserts his right to take letters in precedence to the trust company. Since the person

seeking to make the designation is himself not competent to take letters he may not effectively nominate any one in his stead. The prayer of the petition will be granted to the limited extent only of appointing an administrator but letters will issue to the public administrator. Submit decree accordingly.