(88 Misc. Rep. 371)

## In re D'AGOSTINO.

(Surrogate's Court, Bronx County. December, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 24*) — RIGHT TO APPOINTMENT — PRIORITY.
    The right of a public administrator to letters of administration on the estate of an alien decedent leaving no surviving person entitled to share in the personal estate and competent to serve is prior to the right of the consul general of the nation of which decedent was a subject.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 132–140; Dec. Dig. § 24.*]

2. EXECUTORS AND ADMINISTRATORS (§ 17*)—RIGHT TO APPOINTMENT—STATUTE—ALIEN DECEDENT.
    The right to be appointed administrator is purely statutory, there being no inherent right to administer.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. § 17.*]

In the matter of Antonio D'Agostino, deceased. Contested application for letters of administration on a deceased alien's estate. Application granted.

Ernest E. L. Hammer, of New York City, public administrator, for petitioner.

Daly, Hoyt & Mason, of New York City, for respondent.

SCHULZ, S. A creditor of the decedent applied to this court by petition, praying that a citation issue to the consul general of Italy

---

and to the Attorney General of the state of New York to show cause why letters of administration upon the goods, chattels, and credits of the decedent should not be granted to the public administrator of the county of Bronx. Upon the return of the citation issued thereon, the respondent, the chief clerk of the consul general of Italy at New York, filed a certificate showing that he had been nominated and directed by the latter to answer the petition, to take the necessary steps on behalf of the consul general in opposition thereto, and to make application for letters of administration upon the effects of the decedent; and he also filed an answer in which he requested that a decree of the Surrogate's Court be entered directing the issuance of such letters of administration to him.

The respondent claims the right to such letters under articles IX, XVI, and XVII of the Consular Convention concluded May 8, 1878, between the United States and the kingdom of Italy which contains among other clauses one commonly known as the "most favored nation clause." 20 Stat. 725. Under this clause he alleges that he is entitled to the same rights, prerogatives, immunities, and privileges which have been granted to officers of the same grade under article XVI of the Consular Convention concluded June 1, 1910 (37 Stat. 1479), between the United States of America and the kingdom of Sweden, article 10 of the treaty concluded between the United States of America and the republic of Paraguay on February 4, 1859 (12 Stat. 1091), and article VIII of the treaty concluded July 10, 1851 (10 Stat. 916), between the United States of America and the republic of Costa Rica, and he contends that his right to letters of administration under the provisions of these treaties is prior to that of the public administrator of the county of Bronx. It is not contended that there is any person competent to serve as administrator and entitled to have letters of administration issued to him by reason of being related to the decedent and entitled to share in his personal property.

The public administrator urges that he has a prior right to such letters and contends that in no event is the petitioner in this case entitled to letters because the consul general is not absent, and that the right of the respondent, if he have any, arises only in the absence of the consul general, and that the latter cannot delegate his right unless he is absent.

The first question to be determined is whether the right of the consul general is prior to that of the public administrator, and from the conclusion which I reach on that question it becomes unnecessary for me to determine whether that right can be delegated under the present circumstances.

[1] For a number of years the question whether the right of a consul to letters of administration upon his nationals is exclusive was unsettled in this state, and has given rise to many conflicting decisions which, in my judgment, are now happily put at rest, at least so far as courts of the first instance are concerned, by the recent decision of the Court of Appeals in Matter of D'Adamo, 212 N. Y. 214, 106 N. E. 81. In Rocca v. Thompson, 223 U. S. 317, 32 Sup. Ct. 207, 56 L. Ed. 453, the Supreme Court of the United States upheld the Supreme Court

of California in its decision that the right of the public administrator to receive letters of administration was prior to the right of the Italian consul. This decision resulted from a consideration of the treaty with Argentine, the court holding that:

"There was no purpose in the Argentine treaty to take away from the states the right of local administration provided by their laws, upon the estates of deceased citizens of a foreign country, and to commit the same to the consuls of such foreign nations, to the exclusion of those entitled to administer as provided by the local laws of the state within which such foreigner resides and leaves property at the time of decease."

The justice writing the opinion said:

"Had it been the intention to commit the administration of estates of citizens of one country, dying in another, exclusively to the consul of the foreign nation, it would have been very easy to have declared that purpose in unmistakable terms."

The convention with Sweden had been concluded pending the application in and decision of Rocca v. Thompson, and is one of the conventions and treaties upon the provisions of which the respondent bases his contention. The force of the language of the opinion last quoted has been passed upon by the Court of Appeals in Matter of D'Adamo, and requires no further consideration by this court, upon which the effect given to it by the Court of Appeals is controlling. The Court of Appeals says:

"These observations with reference to the effect of the convention with Sweden are plainly obiter; but they have been seized hold of as supporting the contention that since the adoption of that convention in March, 1911, the consuls of Sweden, and hence the consuls of Italy, have the exclusive right to administer upon the estates of their respective citizens dying in the United States."

Without further discussing the reasoning of the Court of Appeals set forth in the opinion in Matter of D'Adamo, it suffices to quote from the same as showing the conclusion arrived at with reference to the provision of the convention with Sweden. The court says:

"Full effect is given to the language of the treaty, if we construe it as adding the foreign consuls to the list of those eligible as administrators, so as to enable them to administer upon the estates of their fellow citizens when no one having a prior right under the local law is competent or willing to act."

The contention in Matter of D'Adamo was between a resident brother of the decedent and the Italian consul, and respondent's counsel in the pending matter urges that the conclusion there reached is not decisive of the question now at issue, because in the matter now under consideration the question of priority of right arises between the public administrator and the consul general. He maintains that the "right" of a relative of the decedent entitled to share in his personal property to administer is different from the "right" of the public administrator to administer, and that, while the "right" of the consul general may be subsequent to the "right" of such relative, it differs from, and is superior to, that which the public administrator has.

[2] There is no inherent right to administer. It does not arise by reason of relationship and interest in the decedent's estate, except in

so far as the statute makes relationship and interest a prerequisite. It does not depend upon the amount of the interest in the estate, as is evidenced by the order in which persons are entitled to administration; a surviving husband or wife being entitled to priority as against a surviving child, notwithstanding the fact that the child's interest is in excess of the parent's interest. The right in the public administrator is the same as that in a relative entitled to share. Both are purely statutory rights; one is made dependent by the statute upon relationship and interest, and the other upon official designation, appointment, or election; and the only distinction is that the rights of the relatives named entitled to share are prior to the right of the public administrator. Code Civ. Proc. § 2588.

The language of the opinion in Matter of D'Adamo, "when no one having a prior right under the local law is competent or willing to act," is significant. There is no claim that the consul general of Italy has such a prior right under the local law. In the matter under consideration there is one, therefore, who has a prior right under the local law, one who is competent to act, and one who is willing to act, namely, the public administrator.

It follows, then, if I understand the decision in Matter of D'Adamo aright, and my conclusion as to the relative rights of the public administrator and the consul general is correct, that letters must issue to the public administrator of the county of Bronx, unless some provision in the article of the treaty between the United States of America and the republic of Paraguay, above referred to, or that of the treaty between the United States and the republic of Costa Rica, also referred to, gives some additional right to their consuls which inures to the consuls of Italy, superior to that with which they are invested by the provisions of the convention with Sweden, always assuming that the federal government can constitutionally in the exercise of its treaty-making power supplant local state laws regulating the administration of estates. This was not decided in Rocca v. Thompson, nor in Matter of D'Adamo, supra, and I do not venture to express an opinion regarding it, as it is unnecessary for me to do so in view of the conclusion which I reach, and is a matter of such grave importance that it merits the consideration and decision of a higher tribunal. Article X of the treaty with the republic of Paraguay contains the same limitation of the authority of the consul which is found in the treaty with Sweden, and in the same words, to wit, "so far as the laws of each country will permit," and article VIII of the treaty with the republic of Costa Rica contains the same limitation in substantially the same language, as follows: "So far as the laws of the country will permit."

I conclude, therefore, that no greater rights are created under the treaties last referred to than were created by the treaty with Sweden, and, this being so, I hold that the public administrator of the county of Bronx is entitled to letters of administration upon the goods, chattels, and credits of this decedent, and that such right is prior to the right of the consul general of Italy. As the respondent has contested this application in his representative capacity and in the discharge of his official duty, no costs are imposed.

Decreed accordingly.