In the Matter of the Accounting of RICHARD M. COLE-MAN et al., as Trustees under the Will of JAMES F. D. LANIER, Deceased.

WILLIAM W. COLEMAN, as Executor of RICHARD M. COLE-MAN, Deceased, Appellant; CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee, et al., Respondents.

(Argued April 14, 1936; decided May 19, 1936.)

*T. L. J. Curran* and *Thomas J. Curran* for appellant.

*Frederick R. Crane,* as special guardian for Anne R. Schenck, et al., respondents.

FINCH, J.   James F. D. Lanier died in 1881 leaving a will by which he created a trust for his granddaughter, Mary L. Schenck, for her life.   He appointed as sole trustee his son, Charles Lanier.   Charles Lanier acted as trustee until his death in 1926.   The will had provided that the three executors were to act as trustees in the event of the death of Charles Lanier, but in 1926 when he died all of these executors were dead.   Mary L. Schenck, the life beneficiary, made an application to the Surrogate's Court for the appointment of new trustees. Her petition was granted and in accordance therewith the Surrogate appointed as successor trustees Richard M. Coleman and the Central Union Trust Company (now the Central Hanover Bank and Trust Company). After the death of Richard M. Coleman in 1934, an accounting was filed by the trust company.   The amount of the trust accounted for was in excess of $400,000. The only question upon which dispute has arisen concerns

the amount of commissions to which the trustees are entitled.

The Surrogate decided that under the provisions of section 188, subdivision 2, of the Banking Law (Cons. Laws, ch. 2) he was bound to allow only one full commission to be divided between the trustees. The Appellate Division affirmed the decree of the Surrogate.

The Surrogate's Court Act provides that where the gross value of an estate or of a fund accounted for exceeds $100,000 each testamentary trustee is entitled to full compensation unless there are more than three such trustees (§ 285). The trust company and Richard M. Coleman, having been appointed successors to the testamentary trustee in accordance with section 168 of the Surrogate's Court Act, are each entitled to full commissions unless the Banking Law bars such commissions.

Section 188, subdivision 2, of the Banking Law, upon which the learned Surrogate relied to bar a full commission, provides:

" 2. Guardian, trustee or administrator. Any trust company may be appointed guardian, trustee or administrator, with or without the will annexed, on the application or consent of any person acting as such or as an executor or entitled to such appointment and in the place and stead of such person, or such trust company may be joined with any person so acting or entitled to such appointment; * * * No appointment so made shall be deemed to increase the number of persons entitled to full compensation beyond the number so entitled under the terms of the will or deed creating the trust or appointing a guardian or authorized by law. * * * "

This section apparently has never before been considered by the courts.

A careful reading of the statute reveals that the case at bar does not come within its terms. The trust company was not appointed on an application or with the consent of a trustee " acting as such * * * or entitled

to such appointment and in the place and stead of such person," nor was it " joined with any person so acting or entitled to such appointment." It and the individual trustee, Richard M. Coleman, were appointed simultaneously as successor trustees to the deceased individual trustee.

Section 188, subdivision 2, was aimed at the situation where a trustee seeks to be relieved of the details of the trust and arranges for the substitution of a trust company to do the work or where a trust company is brought in as co-trustee to share the burden of the duties. The Legislature was willing to permit the trust companies to be substituted as trustees or to be brought in as co-trustees, apparently regarding such appointment as desirable from the standpoint of security. The Legislature, however, was not willing to permit a testamentary trustee to place an additional financial burden on the estate because he desired to shift his work or to share it with a trust company. The protection furnished the estate by section 188, subdivision 2, is not necessary when the testamentary trustee is no longer in existence and the appointment by the Surrogate of a trust company as trustee is not made at the instance of an existing trustee seeking to ease or shift the burden of his duties, but at the request of persons interested in the estate, and at least one of whom will bear the expenses of the added commissions. Thus is revealed the purpose of the Legislature in not including the appointment of such successor trustees within the scope of section 188, subdivision 2.

The situation involved in the case at bar comes neither within the letter nor the spirit of section 188, subdivision 2, and the learned Surrogate inadvertently fell into error in holding that that section required him to deny a full commission to the appellant.

The order of the Appellate Division and that of the Surrogate's Court should be reversed, with costs in all courts to appellant and respondent payable out of the estate.

The accounting trustees should each be allowed full commissions.

LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; CRANE, Ch. J., taking no part.

Ordered accordingly.