In the Matter of the Estate of ANNA FRANKO, Deceased.

Surrogate's Court, New York County, November 10, 1938.

*Riegelman, Hess, Strasser & Hirsch* [*Walter J. Fried* of counsel], for the petitioner, Bruno Bartels, nephew.

*Joseph A. Cox,* for James F. Egan, public administrator of the county of New York.

FOLEY, S. This is an application for letters of administration *c. t. a.* The testatrix died on September 11, 1938. The executor and sole legatee named in the will predeceased her. The sole distributee of the decedent is her sister, who is a resident of Germany. The sole distributee has assigned all her interest in the estate to her son, who is a citizen of the United States and a resident of New Jersey. The son of the sole distributee, who is a nephew of the decedent, asks that letters of administration *c. t. a.* be issued to him. The application is opposed by the public administrator.

It is clear that the petitioner is not entitled to letters as the assignee of the sole distributee. The sole distributee is a non-resident alien and not entitled to letters. (Surr. Ct. Act, § 94, subd. 3.) Not being entitled to letters, her assignee is similarly not entitled to letters. (*Matter of Jordan,* 202 App. Div. 710; *Matter of Kassam,* 141 Misc. 366; affd., 235 App. Div. 609.) The petitioner contends, however, that he is entitled to letters of administration *c. t. a.* under the provisions of section 133, subdivision 4, of the Surrogate's Court Act. This subdivision provides that if there is none of the persons named in the prior subdivisions or none

who will accept, then letters may issue to the husband or wife of the decedent " or to one or more of the next of kin  *  *  * so qualified." The petitioner contends that the phrase " next of kin " should be interpreted so as to include him as a nephew of the decedent and one of her possible next of kin. He relies upon authorities which interpreted a similar phrase contained in the statutes from which section 118 of the Surrogate's Court Act was derived, prior to the amendment of those statutes in 1913. (*Lathrop v. Smith*, 24 N. Y. 417, cited with approval in *Matter of D'Adamo*, 212 id. 214.) In other words, the petitioner contends that under the provisions of section 133, subdivision 4, of the Surrogate's Court Act, it is not necessary that one of the next of kin entitled to letters under that section be one of the persons entitled to share in the intestate property.

The petitioner has overlooked other statutory provisions. Prior to the general amendments to the Surrogate's Court Act, effective September 1, 1930, section 314, subdivision 12, provided that the term " next of kin " included those entitled to share in the distribution of personal property other than a surviving husband or wife. This definition of next of kin is clearly applicable to section 133, subdivision 4 of the Surrogate's Court Act. Following the enactment of article 3 of the Decedent Estate Law, governing the distribution of intestate property, section 314, subdivision 12, of the Surrogate's Court Act was amended and renumbered and is now found in subdivision 11 of section 314 of the Surrogate's Court Act, which states that the term " distributees " includes all persons entitled to share in the intestate property of a decedent under article 3 of the Decedent Estate Law. Section 81 of the Decedent Estate Law provides: " Whenever in any statute the words heirs, heirs at law, next of kin, or distributees, are used, such words shall be construed to mean and include the persons entitled to take as provided by this article."

The above-quoted portion of section 81 of the Decedent Estate Law is clearly applicable to section 133, subdivision 4, of the Surrogate's Court Act. Similarly the provisions of section 47-c of the Decedent Estate Law, which became effective March 28, 1938, prior to the death of this decedent, are applicable to the statute under which the petitioner claims to be entitled to letters. Section 47-c of the Decedent Estate Law clearly states that the term " next of kin " shall be deemed to mean distributees who are defined in section 83 of the Decedent Estate Law. It seems clear, therefore, that under the statutes referred to above, the term " next of kin " contained in section 133, subdivision 4, of the Surrogate's Court Act, applies only to persons entitled to share in the intestate property of a decedent.

The petitioner is, therefore, not entitled to letters of administration *c. t. a.* The application is granted to the extent that letters of administration *c. t. a.* will issue to the public administrator.

Submit decree on notice accordingly.