In the Matter of the Estate of MARY REIT, Deceased.

Surrogate's Court, New York County, March 30, 1944.

*Samuel Shapiro* for David S. Simons, petitioner.

FOLEY, S. This is an application for letters of administration. The decedent was survived by two children, an adult son and a minor daughter, as her distributees and next of kin. The son has renounced his right to receive letters and has nominated in writing the petitioner as administrator. The latter person is not entitled to take or share in the estate under the Statute of Distribution. He bases his right to be appointed adminis‑ trator, however, upon that portion of section 118 of the Sur‑ rogate's Court Act which authorizes the grant of letters " to a competent person or persons not entitled, upon the consent of *all the persons entitled to take or share* in the estate whether within or without this state and competent, which consent must be in writing, and filed in the office of the surrogate." (Italics supplied.) It is contended that since the son of the decedent is the only one who is competent, his consent only is necessary to the appointment of the petitioner.

The application is denied. The Surrogate holds that the statute (Surrogate's Ct. Act, § 118) requires the consent (1) of

all persons entitled to take or share in the estate, and (2) all of them must be legally competent to execute such consents in writing. If any person entitled to take or share in the estate is under the disability of infancy or mental incompetency, the requirements of the section cannot be met, since the consent of such person in writing even if obtained would be ineffective. It was never intended that an estate should be entrusted to the care and management of a stranger, not entitled to take, upon the consent only of the person or persons competent to execute such consents, where others entitled to share in the estate are under disability to consent. The word " competent " as used in the section comprehends all disabilities by reason of infancy or other grounds of disqualification under section 94 of the Surrogate's Court Act.

Prior to 1923, a competent person not entitled to take could be appointed administrator upon the consents of all persons entitled to take or share in the estate who were within this State. The consents of nonresidents were then not necessary. By chapter 214 of the Laws of 1923, in order to safeguard estates against the risk of loss due to the appointment of a stranger where all persons entitled to take did not or could not consent, the statute was amended so as to require the consents of all persons entitled to take or share in the estate " whether within or without this state ". As a result, now the consents of all such persons, irrespective of where they reside and whether they are primarily entitled to letters or not, must be filed in order that a person not entitled to take may be appointed. (*Matter of Fichter,* 155 Misc. 399.)

The inequity of a provision which would permit the appointment of an outsider without the unanimous consent of all persons entitled to share is obvious. Where, for example, a decedent left only one adult distributee and a number of infant distributees, the former could accelerate the appointment of a stranger to the estate to whom he was indebted. It has been the experience of the surrogates that adult distributees sometimes assign their shares by transactions tainted with usury and overreaching. If the procedure sought in this application were countenanced, the loan shark might by such assignment or nomination be appointed administrator. The estate would thus fall into the hands of a person whose only interest would be a selfish one and inevitably the rights of infants and incompetents would be prejudiced.

The son of the decedent here is an adult and competent. He may, of course, consent to the appointment of the petitioner.

But such consent is ineffective since all the distributees must join. The daughter being an infant cannot consent. Accordingly, the provisions of the statute have not been complied with and the petitioner is not entitled to letters of administration.

An alternative plan is open to the parties. An application may be made for the appointment of a general guardian for the infant distributee. Thereafter a proper application for letters of administration may be made by such general guardian. In default of such application the Public Administrator will be appointed to act.

Proceed accordingly.