In the Matter of the Estate of DIEDRICH ERNST, Deceased.

Surrogate's Court, New York County, November 8, 1948.

*E. John Ernst, Jr.,* for E. Herman Ernst, as temporary administrator of the estate of Diedrich Ernst, deceased, petitioner.

DELEHANTY, S. A decree was made for the issuance of letters of administration to a nephew of deceased. Before letters actually issued to him he asked that the record be amended by reciting as a distributee of deceased a nonresident alien brother of deceased residing in Germany. The question here is whether the court should sign the order amending the record or should direct that citation issue to the brother so that he be afforded an opportunity to designate a trust company pursuant to the 1948 amendment to paragraph (a) of subdivision 2 of section 100-a of the Banking Law of this State. If the amendment to the cited section of the Banking Law accomplished by chapter 221 of the Laws of 1948 confers upon a nonresident alien the power to name a trust company in his stead to take letters and confers on such alien in addition the right to vest his designee with the priority status which the alien would have had if he were resident here it is obvious that the court should consider whether it will require citation of the brother.

The text now contained in the law follows — the matter interpolated by chapter 221 of Laws of 1948 being underscored for the sake of emphasis: "(a) Any trust company may be appointed guardian, trustee or administrator, with or without the will annexed, on the application or consent of any person acting as such or as an executor or entitled to such appointment *irrespective of whether such person would himself be disqualified from acting by reason of his being an alien or non-resident of this state,* and in the place and stead of such person, or such trust company may be joined with any person so acting or entitled to such appointment; but such appointments shall be made upon such notice, as is required by law, to the persons interested in

the estate or fund and on the consent of such of the principal legatees or other persons interested in the estate or fund as the court, surrogate or judge making the appointment shall deem proper."

It is to be noted that the entire quoted matter constitutes only a single sentence. The first part of the sentence permits the appointment of a trust company as fiduciary " on the application or consent of any person *acting* as such   *   *   *   or *entitled* to such appointment " (emphasis added). When these words are read in connection with the 1948 amendment it is not clear what the amendment has accomplished. Does the amendment mean that an alien nonresident who is already *acting* as fiduciary may designate a trust company? It is to be noted that the amendment apparently left wholly untouched the provisions of the Surrogate's Court Act. Under subdivision 1 of section 99 of that act, a resident alien who obtained letters while such resident would be subject to removal if thereafter he became a nonresident. Is the amendment to the Banking Law intended to cover a situation such as that? Only in such a situation and only before actual removal from office as fiduciary would there be a fiduciary " acting as such " who was in fact a nonresident alien. In the interval between removal from the State and removal from office as fiduciary the alien fiduciary would come strictly within the text of the amendment. Perhaps it should be held that under the amendment such a fiduciary *prior to removal* is entitled to appoint a trust company in his stead.

More difficulty is involved in finding a tenable basis for making the amendment applicable to the text long in the statute which speaks of persons " entitled to such appointment ". This phrase has a well-established meaning. It is twice used in the sentence into which the amendment was interpolated. Its second use in that sentence makes it perfectly clear that in both places it denotes only a person who *at the time of his application* was able to meet the statutory tests for appointment. If he met them he could — under the final phrase of the sentence — appoint a trust company to act jointly with him. Here again we are faced with the fact that the 1948 amendment of the Banking Law apparently left untouched the provisions of the Surrogate's Court Act. Reference to the Surrogate's Court Act is of course necessary to determine who is " entitled " to appointment as fiduciary. Under the Surrogate's Court Act no *nonresident* alien is so entitled. In an effort to give some meaning to the new text is it reasonable to construe it as giving a new power *to an alien actually resident* here? Can he *while such actual resident*

execute a designation and make it effective though he thereafter removes from the State? If the amendment may be dealt with in this sense it would confer additional powers on persons who might at some stage in the administration become nonresident aliens.

If any broader effect were to be given to the 1948 amendment would the court not be required to construe the interpolated text in a way in which under ordinary usage it should not be construed? Would not any other and broader meaning involve not merely judicial surgery but a plastic surgery in the nature of a complete reconstruction of the sentence and a complete restatement of ideas which may possibly have been in the mind of some draftsman but which are not expressed by the text construed? What is to be said about the preferences in right to appointment now in effect? Are county treasurers and public administrators to be deemed displaced in favor of the appointee? Is an alien who is disqualified to act himself able to grant priorities over persons now superior in right to him? Is the Surrogate's Court Act deemed repealed in respect of the rights to letters of others now superior in class to the alien?

Whatever may be the eventual answers to these queries it must be held that the amendment does not require citation of a nonresident alien who has made no affirmative step toward claiming the right to appoint a trust company. The court holds that there is nothing in the amendment which requires that he be given any opportunity to claim any right under the amendment. It is sufficient that he have notice of the actual issuance to the nephew of the letters of administration. The administrator proposes to send such notice.

When the administrator named in the decree has qualified pursuant to statute letters of administration will issue to him. The order reciting the brother of deceased as one of his distributees and amending the administration proceedings in this respect has been signed.