In the Matter of the Estate of ERIK E. SORENSEN, Deceased.

Surrogate's Court, Kings County, July 19, 1949.

*Alfred J. Bedard* for Olga Nielsen, petitioner.

*Thomas J. Snee* for William V. Elliott, Public Administrator of Kings County, respondent.

McGAREY, S. The decedent died a citizen and resident of this county. His mother, a citizen of Denmark and resident therein, petitions for the issuance of letters of administration upon his estate to a domestic trust corporation. The right so to do is based upon chapter 221 of the Laws of 1948, which amended section 100-a of the Banking Law. The provisions of that section are discussed by Surrogate DELEHANTY in *Matter of Ernst* (193 Misc. 177).

The Surrogate's Court Act and its predecessors, the Code of Civil Procedure and the Revised Statutes, have charted the

course of the court in its appointments of fiduciaries, both personal and corporate. At least as early as the Revised Statutes of 1859 it was provided that letters of administration should not be granted to a nonresident alien (*Matter of Marret,* 152 Misc. 713, 714). It was there held that a special grant of power enuring to the benefit of a particular trust company would not entitle it to letters of administration upon the designation of a person who was himself incompetent to receive letters. Under section 316 of the Surrogate's Court Act, the provisions of the Civil Practice Act may only be invoked where the Surrogate's Court Act fails to furnish an exclusive right or mode of procedure in this court (*Matter of Hayden,* 172 Misc. 669, 680, affd. 261 App. Div. 900; *Matter of O'Brien,* 146 Misc. 555, 562–563). By analogy, therefore, it would appear that the provisions of the Surrogate's Court Act should prevail over provisions of the Banking Law, which limit and qualify the right of a trust company to act as a fiduciary and which do not by specific terms purport to regulate procedure in this court or supersede the provisions of the Surrogate's Court Act.

Some of the provisions of the Surrogate's Court Act are discretionary (*Matter of Cornell* v. *Delehanty,* 173 Misc. 483); other provisions are mandatory, including section 118 (*Matter of Campbell,* 192 N. Y. 312; *Matter of Kelly,* 238 N. Y. 71, 78), except where otherwise specifically provided therein (*Matter of Kassam,* 141 Misc. 366, 378, affd. 235 App. Div. 609). Section 118 provides " Administration * * * must be granted to the persons entitled to take or share in the personal property, who are competent * * *.'' The word " competent " has been construed as excluding those persons who are disqualified under section 94 of the Surrogate's Court Act (*Matter of Reit,* 183 Misc. 261, 262; *Matter of Fichter,* 155 Misc. 399, 402). Subdivision 3 of section 94 provides that a person who is an alien, not an inhabitant of this State, is not competent to serve as an administrator. The nominee of an alien nonresident possesses no greater right than his nominor (*Matter of Findlay,* 253 N. Y. 1, 13; *Matter of Franko,* 169 Misc. 356); neither does an assignee of a sole distributee nonresident alien (*Matter of Kassam, supra*).

There is no inherent right to administer. It is purely statutory (*Matter of D'Agostino,* 88 Misc. 371, 375). Section 118 further provides that administration may be granted to a competent person not entitled upon the consent of all the persons entitled to take or share in the estate whether within or without this State and competent and that a trust company shall be

included in the word " person." Assuming that the petitioner is in fact the decedent's sole distributee, proof of which will be required in accordance with the usual practice of this court, the trust company cannot be appointed under section 118, as its nomination was made by a person who is not " competent " unless chapter 221 of the Laws of 1948 has effected a change in the law.

The general power of a trust company to act as a fiduciary is granted under section 100 of the Banking Law, " subject to the restrictions and limitations contained in this chapter ". Subdivision 4 of that section permits it to be appointed and accept the office of administrator. Section 100-a regulates to some extent the appointment and qualification of trust companies as fiduciaries, their trust administration and accountability to the courts of their appointment. Many of these provisions are equally applicable to individual fiduciaries and their counterparts are in the Surrogate's Court Act, Civil Practice Act and other statutory provisions. There are other provisions in section 100-a which, by their nature and the financial responsibility of trust companies, are solely applicable to a corporate fiduciary, freedom from the requirement of posting a bond (subd. 5) and filing an official oath (subd. 7). These provisions indicate that the Legislature intended the Banking Law to be complementary but not independent of the Surrogate's Court Act.

Paragraph (a) of subdivision 2 of section 100-a of the Banking Law (as amd. by L. 1948, ch. 221) provides " Any trust company may be appointed * * * administrator * * * on the application or consent of any person acting as such * * * or entitled to such appointment *irrespective of whether such person would himself be disqualified from acting by reason of his being an alien or non-resident of this state,* and in the place and stead of such person, or such trust company may be joined with any person so acting or entitled to such appointment; * * * ". (Emphasis supplied to indicate matter added in 1948.) Under that subdivision it appears that a trust company may be appointed as administrator, coadministrator or administrator *de bonis non.*

Administration *de bonis non,* in the case of a living administrator, could be obtained upon the petition of the individual administrator " acting as such " and praying that the trust company be appointed in his " place and stead " in a proceeding wherein he seeks permission to resign and account for his administration. If the petition be entertained, the administra-

tor's account would be settled and his letters revoked as there cannot be concurrent letters. (*Lapiedra* v. *American Sur. Co.,* 220 App. Div. 738, affd. 247 N. Y. 25.) Thereupon " the surrogate must grant letters of administration de bonis non \* \* \* in like manner as if the former letters had not been issued; and the proceedings to procure the grant of such letters are the same \* \* \* ." (Surrogate's Ct. Act, § 136.)

If the administrator so applying were one of several distributees, his petition designating the trust company as his successor would, in the new proceeding, be the equivalent of a renunciation of his prior rights to letters and a consent to the appointment of the trust company. If all of the other distributees are competent and consent in writing (*Matter of Murphy,* 87 Misc. 564) the trust company could be appointed (Surrogate's Ct. Act, § 118). If, however, any of the other distributees are not competent to receive letters by reason of section 94 of the Surrogate's Court Act, then the trust company could not be appointed (*Matter of Reit,* 183 Misc. 261, *supra*).

The Banking Law (§ 100-a, subd. 2, par. [a]) further provides " but such appointments shall be made upon such notice, as is required by law, to the persons interested in the estate \* \* \* and on the consent of \* \* \* persons interested in the estate \* \* \* as the \* \* \* surrogate \* \* \* making the appointment shall deem proper." (See *Matter of Ernst,* 193 Misc. 177, *supra.*) The expression " required by law " as used in statutes refers exclusively to the statute law of the State (*Board of Education* v. *Town of Greenburgh,* 277 N. Y. 193, 195; *Brinckerhoff* v. *Bostwick,* 99 N. Y. 185, 190). The Surrogate's Court Act regulates the mode of proceeding in any manner connected with the estate of a decedent and to the grant of letters of administration (Surrogate's Ct. Act, § 315). Section 120 of that act prescribes who shall be cited in a proceeding for the appointment of an administrator and section 121-a, the persons who may be required to be served with notice of application for letters.

Subdivision 10 of section 314 of the Surrogate's Court Act defines the expression " persons interested ". Where the sole next of kin is a nonresident alien, the Public Administrator is a person interested as he is entitled to letters of administration (*Matter of Kassam,* 141 Misc. 366, affd. 235 App. Div. 609, *supra*). Section 136-n of the Surrogate's Court Act confers upon the Public Administrator authority to collect the property of persons who die intestate and not survived by competent adult persons entitled by law to act as their personal representatives;

section 136-t of the Surrogate's Court Act provides that the Public Administrator may so act if there is no one competent " to receive letters by reason of a disqualification under subdivisions one to four of section ninety-four of this act ". Subdivision 3 of section 94 of that act provides that an " alien not an inhabitant of this state " is incompetent to receive letters. Section 120 provides that a Public Administrator " may not renounce his right [to letters] and may only be excused from acting as such upon his motion duly made and upon an order made and entered thereupon by the surrogate." The right of a trust company, therefore, to be appointed administrator *d. b. n.* is not dependent solely upon the " application or consent of any person acting as such [administrator] " when the administrator is only one of the distributees. Where, however, the administrator is the sole distributee and has not become incompetent (Surrogate's Ct. Act, § 99, subd. 1) a trust company would be appointed administrator *d. b. n.* upon his application and consent.

A trust company could be appointed administrator upon the application and consent of a competent sole distributee, he being himself " entitled to such appointment," both under the Surrogate's Court Act and the Banking Law. Likewise, an administrator, competent to retain his letters, could have a trust company joined with him as coadministrator (*Matter of Fichter,* 155 Misc. 399, *supra*).

The phrase inserted by chapter 221 of the Laws of 1948 reads " irrespective of whether such person would himself be disqualified from acting by reason of his being an alien or nonresident of this state ". An alien resident of this State is competent to receive and retain letters, as is also a nonresident citizen, but an alien nonresident is not so entitled (Surrogate's Ct. Act, § 94, subd. 3). It is, therefore, apparent that no change would be effectuated in the law by giving to the word " or " its disjunctive connotation, but by converting the word " or " into the conjunctive " and " (*Matter of Kennedy,* 151 Misc. 292, 294) some effect may be given to the amendment.

The words " disqualified from acting " is susceptible of different interpretations, one that the person " acting as such (administrator)" is now incapable of acting, upon objection raised under subdivision 1 of section 99 of the Surrogate's Court Act, by reason of his nonresidence and alienage; two, that a person who would otherwise be " entitled to such appointment " were it not for his alienage and nonresidence, shall now be entitled to designate and have appointed on his application

a trust company as administrator. The latter interpretation is the one sought by the petitioner. If the amendment had read " irrespective of whether such person would himself be disqualified from acting *or to act* by reason of his being an alien non-resident of this state " there would be no doubt two situations envisaged by the Legislature and the pattern of appointments radically changed solely to the benefit of trust companies. (Italics supplied.)

The construction sought by the petitioner is somewhat analogous to the right which is apparently accorded to " any party interested in the estate " under paragraph (b) of subdivision 2 of section 100-a to request the appointment of a trust company as administrator *c. t. a.* A legatee is a person interested in an estate (Surrogate's Ct. Act, § 314, subd. 11) but in *Matter of MacMillan* (133 Misc. 570) letters of administration *c. t. a.* were denied to a trust company, upon the petition designating it, as the petitioner as well as all other legatees, were alien nonresidents and were themselves incompetent to receive letters.

The predecessor of paragraph (a) of subdivision 2 of section 100-a was subdivision 2 of section 188 a portion of which, concerning commissions, was the subject of construction in *Matter of Lanier* (271 N. Y. 120). It was there held that such subdivision, insofar as commissions were concerned, was aimed at a situation where a trustee seeks to be relieved of the details of the trust and arranges for the substitution of a trust company or where a trust company is brought in as cotrustee to share the burden of the duties. The court pointed out that the successor trustees, a trust company and an individual, were not appointed on the application or with the consent of a trustee " acting as such * * * or entitled to such appointment and in the place and stead of such person " nor was it " joined with any person so acting or entitled to such appointment." The inference from that decision is that the word " acting " is used in the sense of an existing fiduciary, and that the expression " entitled to such appointment " carries with it the connotation of a right " to act " in the future, upon the application and designation of the person so entitled.

While the Banking Law authorizes trust companies to be fiduciaries, their appointments in this court must be made in accordance with the Surrogate's Court Act. That act and the decisions rendered thereunder guide and restrict the court in the exercise of its powers, in the absence of other definite statutory provisions which permit no other conclusion. Rooted deep

in the statutes governing procedure in this court is the prohibition that a nonresident alien may neither designate nor himself be appointed a fiduciary. A change in that rule of law, which has been rigidly followed for so many years, should not be made by the court upon an amendment to a statute, which is not the basic source of its power, and which is expressed in language susceptible of varying interpretations. Whatever may be the effect of the amendment, the court holds it does not apply to an original application by a nonresident alien distributee for the appointment of a corporate fiduciary as administrator. The petition is, however, granted to the extent that letters of administration will issue to the Public Administrator.

Proceed accordingly.