In the Matter of the Estate of REDJA B. AMEYUND, Deceased.

Surrogate's Court, Kings County, November 23, 1951.

*Willa R. Ameyund,* as administratrix of the estate of Redja B. Ameyund, deceased, respondent in person.

*Robert Salomon* for Consul General of the Netherlands, petitioner.

RUBENSTEIN, S. The respondent moves to dismiss the petition seeking her removal as administratrix upon the ground, among others, that the petitioner lacks authority to institute such proceedings.

The petition was executed by the Consul General of the Netherlands at New York City in his representative capacity as such. The petition recites that he is the attorney in fact

and designee of one Noeriah, widow of the decedent and that she is a resident of the Netherlands East Indies, and a citizen of the Netherlands. He further alleges that the decedent was also survived by a minor son, who resides with his mother, Noeriah. Noeriah executed the power of attorney on December 22, 1947, at Batavia, Java, and therein designated the Consul General of the Netherlands in New York or his successor, or representative in such office, to receive letters of administration upon the estate of the decedent. That power of attorney was recorded in this court on July 22, 1949, pursuant to section 32-a of the Personal Property Law, and has not been formally revoked by the principal.

The petition was filed in this court on July 22, 1949, but jurisdiction of the respondent was not obtained until April 17, 1951. On December 27, 1949, by treaty, Indonesia, of which Java is a part and wherein Noeriah resides, became a sovereign republic united in a union with the Kingdom of the Netherlands. It is the respondent's contention that this change in the sovereignty of Java *ipso facto* resulted in the revocation of the power of attorney, as Noeriah is alleged to be a citizen of Indonesia. That contention might be tenable if the Consul General were proceeding under a treaty power-of-attorney and if Noeriah did in fact become an Indonesian citizen by the mere change of territorial sovereignty, of which there is no proof.

Neither Noeriah nor the Consul General of the Indonesian Republic at New York City have repudiated or revoked the power of attorney granted herein. The absence of such action upon their part would tend to indicate that the Netherlands Consul is acting within not only the terms of the power of attorney but also within the treaty provisions between his country and Indonesia. (*Hamilton* v. *Erie R. R. Co.*, 219 N. Y. 343, 349.) That viewpoint is further sustained by the statement that the Indonesian Consul has agreed to recognize all actions instituted by the Netherlands Consul prior to the change of sovereignty and that he is acquainted with the facts in the proceeding. In addition the terms of the power creating the agency do not fix or condition its duration by the period of simultaneous continuity of identical citizenship between the principal, Noeriah, and her agent, the Netherlands Consul. The burden of proving a revocation or other termination of an agency is on the party asserting it (*Michaelyan, Inc.*, v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 229 App. Div. 123). The burden has not been sustained by the respondent.

The construction of a power of attorney given to a consul, is governed by the same principles of law applicable to a consul's treaty-created power-of-attorney, that is " ' according to the natural meaning of the words in view of the purpose of the agency and the needs to its fulfillment.' " (*Matter of Zalewski,* 292 N. Y. 332, 338–339.) The power granted is to receive letters of administration upon the decedent's estate. Before that result may be attained, however, it is necessary that the respondent's letters be first revoked, wherefore the proceeding for that purpose is within the scope of the agency. The fact that Noeriah, a nonresident alien, cannot validly delegate to another the right to receive letters of administration (*Matter of Sorensen,* 195 Misc. 742; *Matter of Kassam,* 141 Misc. 366, 378, affd. 235 App. Div. 609), does not deprive her of the right to institute other proceedings preliminary or incidental to the grant of such relief. Even if she petitioned for letters, her prayer would be granted to the extent of granting letters to the public administrator (*Matter of Kassam; Matter of Sorensen, supra*).

The other grounds advanced in support of respondent's motion to dismiss the petition are untenable, accordingly, respondent's motion is denied.

Submit order, on notice, accordingly.