In the Matter of the Estate of CHARLES E. WEIL, Deceased. ANNE WEIL, by BANK OF ROCKVILLE CENTRE TRUST COMPANY OF ROCKVILLE CENTRE, NEW YORK, Appellant; PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, Respondent.

First Department, April 15, 1952.

*Sydney J. Schwartz* of counsel (*Richard J. Cronan*, attorney), for appellant.

*Joseph A. Cox* (*Joseph T. Arenson* with him on the brief; attorney), for respondent.

*Per Curiam.* The question presented on this appeal is whether or not a person who would be entitled to act as administrator, save only for the fact that he is an alien nonresident, may designate a trust company to act as administrator under the provisions of paragraph (a) of subdivision 2 of section 100-a of the Banking Law, as amended by chapter 221 of the Laws of 1948. The section, as amended, reads: " (a.) Any trust company may be appointed guardian, trustee or administrator, with or without the will annexed, on the application or consent of any person acting as such or as an executor or entitled to such appointment *irrespective of whether such person would himself be disqualified from acting by reason of his being an alien or non-resident of this state,* and in the place and stead of such person, or such trust company may be joined with any person so acting or entitled to such appointment ".

The words in italics were added in 1948.

Prior to the 1948 amendment, it had been held that one otherwise entitled to act as administrator, but disqualified as an alien nonresident, could not appoint a trust company to act as administrator. (*Matter of MacMillan,* 133 Misc. 570; *Matter of Mora,* 133 Misc. 254.) Since alienage alone and nonresidence alone did not disqualify one from acting as administrator or from appointing a trust company (see Surrogate's Ct. Act, § 94), it is plain that the Legislature intended to extend the power to designate trust companies to alien nonresidents. Any other interpretation would render the amendment meaningless. Additional support for this construction is found in the fact that both the New York State Bankers Association, which supported the bill, and the Surrogates' Association which opposed it, so construed the proposed amendment when it was pending in the Legislature.

We see no merit to the contention that although the legislative intention was as set forth, effect may not be given to it because of the failure to refer explicity to persons who were both aliens and nonresidents. Indeed, even on a literal construction of the section, it is apparent that the Legislature adequately expressed its intention. An alien nonresident is in fact a person disqualified from acting as administrator " by reason of his being an alien or non-resident of this state," for if he were not an alien on the one hand, or if he were not a nonresident on the other, he would not be disqualified from acting as administrator. Apart from this, however, it is a well-established rule of statutory construction that the words " and " and " or " are convertible where the sense of the statute requires. (*People ex rel. Municipal Gas Co. of Albany* v. *Rice,* 138 N. Y. 151, 156; *People ex rel. Cohen* v. *Butler,* 125 App. Div. 384, 388; *Matter of Kennedy,* 151 Misc. 292.)

In two earlier opinions of the Surrogate's Court on this question (*Matter of Ernst,* 193 Misc. 177; *Matter of Sorensen,* 195 Misc. 742) the view is expressed that the Legislature may have intended that the power to appoint be vested in an alien nonresident who became such after he commenced acting as administrator. This approach, however, finds no support either in the language of the statute or in its legislative history. There is no basis for holding the statute, as we here construe it, to be unconstitutional.

The decree appealed from should be reversed, with $20 costs and disbursements payable to the appellant out of the estate and the matter remitted to the Surrogate to grant letters of administration as prayed for in the petition.

COHN, J. (dissenting). Appointments as administrator in the Surrogate's Court are made in accordance with the Surrogate's Court Act (§ 94). Upon this appeal petitioner, a trust company, urges that paragraph (a) of subdivision 2 of section 100-a of the Banking Law, as amended by chapter 221 of the Laws of 1948, expressly authorizes the grant of original letters of administration to a New York trust company upon the nomination of a person who is a nonresident and an alien.

The contention of the Public Administrator that the 1948 amendment to the Banking Law does not overrule the provision of the Surrogate's Court Act that a nonresident alien distributee cannot designate an administrator is well taken. Neither nonresidence alone nor noncitizenship alone is a bar-

rier to the issuance of letters of administration. But where both noncitizenship and nonresidence are present a barrier exists against the issuance of such letters. This being so, the amendment to the Banking Law which uses the phrase '' alien or non-resident '' appears to be meaningless. To have the word '' or '' changed to mean '' and '', as is suggested, would do violence to the specific language employed in the amendment to the Banking Law. Such was the ruling of Surrogate McGarey in 1949, in *Matter of Sorensen* (195 Misc. 742).

Were it the legislative intent to alter the Surrogate's Court Act (§ 94, subd. 3) the result could easily have been achieved by a direct amendment to that act, and not by a collateral and ambiguous amendment to the Banking Law. It may well be that those who favored the 1948 amendment believed it would achieve the result urged by petitioner. However, an amendment to the Banking Law couched in such vague and equivocal language should not be held to displace the operative provisions of the Surrogate's Court Act.

Accordingly, I dissent and vote to affirm the order.

Callahan, Van Voorhis and Shientag, JJ., concur in *Per Curiam* opinion; Cohn, J. P., dissents in opinion in which Foster, J., concurs.

Decree reversed, with $20 costs and disbursements to the appellant payable out of the estate and the matter remitted to the Surrogate to grant letters of administration as prayed for in the petition. Settle order on notice.