Maximilian Moss, S.
The Franklin National Bank has applied for letters of administration of the estate of George Henrick Schwan, deceased, under paragraph (a) of subdivision 2 of section 100-a of the Banking Law of the State of New York. The question to be determined is whether petitioner may qualify and act as such administrator. The court has not been referred to any reported case in which letters of administration have been granted to a national bank under the Banking Law of this State.
The decedent died a resident of Kings County on July 15, 1956 leaving him surviving three sisters as his distributees, all of whom are Swedish nationals residing in Sweden. Decedent’s distributees have designated petitioner to apply for and receive the letters in their place and stead.
The provision of subdivision (k) of section 11 of the Federal Reserve Act (38 U. S. Stat. 251, 262, eff. Dec. 23, 1913; U. S. Code, tit. 12, § 248, subd. [k]) conferred power on the Board of Governors of the Federal Reserve System to issue a special permit authorizing a national bank to exercise the same fiduciary powers as a State trust company in competition with it. Prior thereto, a national bank had no authority to exercise the powers of a trust company. Pursuant to the Federal Reserve Act, the Board of Governors of the Federal Reserve System issued to petitioner a special permit “to act, when not in contravention of state or local law, as trustee, executor, administrator * * *
or in any other fiduciary capacity in which state banks, trust companies, other corporations which come into competition with national banks are permitted to act under the laws of the State of New York.” Section 205 of the Banking Law authorizes the Superintendent of Banks to require national banks authorized to exercise trust powers to deposit securities of the kind and amount which would be required of State trust companies.
Prior to March 21, 1948, a person who was otherwise entitled to act as administrator, but disqualified because he was a nonresident alien, could not designate either an individual or a trust company to act as administrator (Matter of MacMillan, 133 Misc. 570; Matter of Mora, 133 Misc. 254). The amendment (L. 1948, ch. 221) to section 100-a of the Banking Law, effective March 21, 1948, so far as it is pertinent here, authorized “ Any trust company ” to act as an administrator, with or without the will annexed, on the application or consent of any person “ entitled to such appointment irrespective of whether such person would himself be disqualified from acting by reason of his being an alien or non-resident of this state, and in the place *58 and stead of such person”. (See, also, Matter of Weil, 280 App. Div. 100, affd. 305 N. Y. 635.) Under section 100 of the Banking Law of this State ‘ ‘ Every trust company shall have * * * the following powers * * * 4. To be appointed and to accept the appointment of executor or of trustee under the last will and testament or administrator with or without the will annexed of the estate of any deceased person.” Under the provisions of section 100-a (subd. 2, par. [a]) “Any trust company may be appointed guardian, trustee or administrator, with or without the will annexed,” on the application or consent of a nonresident alien.
From the foregoing correlative statute, it follows that a national bank which has been granted a special permit by the Federal Reserve Board to act in a fiduciary capacity, and which has complied with section 205 of the Banking Law, may qualify and act as an administrator in the place and stead of nonresident alien distributees of a decedent. The application is granted. Submit decree.