Harold E. Koreman", S.
Petitioner seeks issuance of letters of administration to himself and to supersede or revoke the limited letters of administration heretofore issued to the County Treasurer (referred to in the petition as the Public Administrator).
Petitioner, a resident of Albany County, is a brother of the deceased and seeks appointment as administrator as attorney in fact of the parents of the intestate. The petition alleges that decedent died in Albany on May 20, 1958, a resident of this county and a citizen of West Germany; that his only distributees are his parents, both of whom reside in West Germany.
*835 It appears that the petitioner herein has previously petitioned this court (16 Mise 2d 751) for ancillary letters of administration on decedent’s estate. The petition was denied and an appeal is pending from the order of denial which was filed on January 28, 1959.
In the decision on the previous application the possibility of issuing letters of administration to the petitioner was discussed and it was determined that such a course would not be proper. I adhere to my decision of January 14, 1959 and conclude that this application must be denied for the following reasons. The distributees of the deceased are his father and mother (Decedent Estate Law, § 83). According to the petition both are nonresident aliens and neither, therefore, is competent to serve as administrator (Surrogate’s Ct. Act, § 94, subd. 3). The petitioner is not entitled to letters as attorney in fact of the parents for they cannot designate him to receive letters for them. (Surrogate’s Ct. Act, § 118; Matter of Kroog, 84 Misc. 676, 683; Matter of Mora, 133 Misc. 254.) The case cited by petitioner, Matter of Taormina (2 A D 2d 711, affd. 2 N Y 2d 878) is not applicable since it involved ancillary letters of administration upon the estate of a nonresident alien. The petitioner, although a brother of the deceased, is not entitled to take or share in the personal property of the deceased and is not entitled to letters of administration merely because of his relationship. (Surrogate’s Ct. Act, § 118; Matter of Wenkhous, 158 Misc. 663; Matter of Foote, 2 A D 2d 687; Matter of D’Adamo, 212 N. Y. 214.)
It appears that, following the denial of petitioner’s application for ancillary letters of administration, the County Treasurer was granted limited letters of administration. In this proceeding petitioner states that neither he nor his attorney received any notice of the petition by the County Treasurer. Their first knowledge of that proceeding apparently came when petitioner received from his parents the notice under section 121-a of the Surrogate’s Court Act, which had been mailed to them in Germany by the attorney for the County Treasurer.
It was not necessary that the petitioner herein be given notice of the application by the County Treasurer. He is neither a person interested in the estate nor one who has a right to administration prior or equal to that of the County Treasurer. (Surrogate’s Ct. Act, §§ 118, 120.) It was sufficient that notice of the actual issuance of the limited letters be given to the parents of the deceased, they being the only distributees (Surrogate’s Ct. Act, § 121-a, supra; Matter of Ernst, 193 Misc. 177, 180).
*836 Petitioner asserts that it would be to the best interests of of the estate to supersede the County Treasurer but gives no reasons. I find no reason why the clear mandate of section 118 (supra) should not be obeyed.
Accordingly, the petition is denied.