■ In the Matter of the Estate of DIETER K. DANKERL, Deceased. HANS DANKERL, as Attorney in Fact of HANS DANKERL and Another, Appellant; EUGENE P. DEVINE, as Public Administrator of Albany County, Respondent.

(Two Proceedings.) — Appeals from two orders of Surrogate's Court, Albany County. Decedent died a resident of Albany County and a citizen of West Germany and the Surrogate has issued limited letters of administration to the Public Administrator. Decedent is survived by a mother and father residing in West Germany and who are citizens of that country, and by the petitioner, who is a brother and a resident of Albany County. Petitioner has no personal interest in the estate; the parents in West Germany are the sole distributees. In the first petition to the Surrogate petitioner asked that ancillary letters be granted him. This was denied on the ground that the decedent was a resident of Albany County and since primary letters had not been issued elsewhere there is no authority to issue ancillary letters (Surrogate's Ct. Act, § 100; 5 Warren's Heaton, Surrogates' Courts § 456, pp. 75, 76). In *Matter of Taormina* (2 A D 2d 711, affd. 2 N Y 2d 878) the decedent was a nonresident. After denial of this application, petitioner made a second application for the issuance of letters of administration to himself as attorney in fact of the parents. Petitioner could not himself qualify since, as it has been seen, he has no personal interest in the estate (Surrogate's Ct. Act, § 118). But the parents are incompetent to receive letters since they are nonresident aliens (Surrogate's Ct. Act, § 94, subd. 3); nor can they designate an attorney to receive the letters for them (*Matter of Mora*, 133 Misc. 254; 2 Jessup Redfield, Surrogates Law and Practice, § 1360, p. 606). Orders unanimously affirmed, without costs.