OPINION OF THE COURT
C. Raymond Radigan, J.
In this probate proceeding, the proponent, who has no interest in the estate, seeks to be appointed administrator c. t. a. on the consent of the four residuary beneficiaries, two of whom are nonresident aliens. SCPA 1418- (subd 6), permits letters of administration with the will annexed to be issued to a nonbeneficiary upon the acknowledged and filed consents of all the beneficiaries “provided all the beneficiaries are themselves eligible” (emphasis added). Since two of the residuary beneficiaries are incompetent to receive letters because they are nonresident aliens (SCPA 707), they likewise cannot designate a nonbeneficiary to receive letters on their behalf (Matter of Dankerl, 12 AD2d 678; SCPA 1418, subd 6).
The proponent’s attention is directed to SCPA 1418 (subd 7), which permits a trust company to act as fiduciary upon the acknowledged and filed consent of all beneficiaries inclusive of any who might be nondomiciliary aliens provided they are otherwise eligible. In the absence of either an application by a qualified residuary beneficiary for letters or an application by a trust company under the above circumstances, letters of administration c. t. a. will issue to Public Administrator of Nassau County by February 4, 1983.
*273 The above statutory requirement that all beneficiaries themselves be eligible to receive letters before they may designate a nonbeneficiary seems harsh especially whereas here 50% of the beneficiaries are eligible themselves. It would appear that legislation should be considered to permit such a designation of a nonbeneficiary where at least any one beneficiary is himself eligible.