OPINION OF THE COURT
Renee R. Roth, S.
At issue is the applicability to a proceeding for letters of administration of the recent amendment to SCPA 707 (1) (c) (L 1986, ch 780, eff Aug. 2, 1986).
Decedent Husam Ali Mohamed Al-Ahmad, a domiciliary of Egypt, died intestate leaving a $40,000 bank account in New York County. It appears that no prior proceedings relating to his estate have been commenced in Egypt or any other jurisdiction. This court therefore has jurisdiction over his estate (SCPA 206 [2] [a]).
In his petition for letters of administration, the Public Administrator states that decedent’s sole distributees in intestacy are his parents who are nondomiciliary aliens. Under the prior statute (SCPA 707 [1] [former c]), since they are nonresident aliens, the parents were ineligible to receive letters. Because they were ineligible to receive letters, the parents pursuant to SCPA 1003 (2) were not required to be cited. They would merely be entitled to a notice of the application for letters of administration. On receiving such notice they would, however, have the right to designate an eligible trust company to serve as administrator of their son’s estate (SCPA 1001 [7]; Matter of Weil, 280 App Div 100, affd 305 NY 635).
A question has been raised as to whether the foregoing principles have been changed by the enactment of the amendment to SCPA 707 (1) (c). Prior to the amendment, paragraph (c) made all nondomiciliary aliens ineligible to receive letters of any kind. The amendment, on the other hand, makes a nondomiciliary alien eligible provided such person is "(A) * * * the spouse of a decedent, a grandparent or descendant of a grandparent of a decedent * * * and (B) * * * shall serve with one or more co-fiduciaries, at least one of whom is resident in this state” (L 1986, ch 780).
Up to this point, the language could be construed to include *340 intestate estates, in which case a nondomiciliary alien would be eligible to receive letters of administration and would have to be cited. However, the final sentence provides that: "Any appointment of a non-domiciliary alien fiduciary or a New York resident fiduciary hereunder shall be made by the decedent’s will or, if no effective appointment is made by the decedent’s will, by the court in its discretion”.
On its face, this sentence could be construed to include intestate estates as those in which "no effective appointment is made by decedent’s will”. A more natural interpretation would confine this sentence to testamentary fiduciaries appointed under testator’s will or by the court. This interpretation was reflected in the report of the New York State Bar Association, Trusts and Estates Law section.
The legislative history of this amendment contains no clear indication of intent on this issue. Consequently, given the ambiguity of the language and the significant delay that would result in the appointment of administrators of intestate estates, the court determines that the amendment is not applicable to the appointment of an administrator. The Public Administrator is accordingly directed to send notice of his application to decedent’s parents.