OPINION OF THE COURT
Bernard M. Bloom, S.
In this administration proceeding, the decedent, who died intestate, was survived by his two sisters. Both are citizens of Canada. One of the sisters, who claims to be domiciled in Scarsdale, New York, designates a nondistributee to receive letters of administration. The remaining sister, who currently is a resident of Canada, thereby being a nondomiciliary alien, consents to the designee being appointed administrator. The Public Administrator of Kings County, upon being served with citation in this matter, objected to the appointment of the *973 designee claiming that one of the distributees is ineligible to consent.
All parties agree, and this court concurs, that the controlling statute in this case is SCPA 1001 (6) which provides that: "Letters of administration may be granted to an eligible distributee or to an eligible person who is not a distributee upon the acknowledged and filed consents of all distributees, provided all such distributees are themselves eligible, except that the guardian of the property of an infant distributee, the committee of the property of an incompetent distributee or the conservator of property of a conservatee appointed within the State of New York may so consent on behalf of his ward.” (Emphasis added.)
The eligibility of a person to be appointed a fiduciary, however, is determined by SCPA 707, which states, in pertinent part:
"Letters may issue to a natural person * * * to be a fiduciary except as follows:
"1. Persons ineligible
"(a) an infant
"(b) an incompetent
"(c) a non-domiciliary alien except in the case of (i) a foreign guardian as prescribed in 1716 (4) or (ii) a natural person (A) who is the spouse of a decedent, a grandparent or descendant of a grandparent of a decedent, a grandparent or descendant of a grandparent of a decedent’s spouse, or the spouse of any such grandparent or descendant of a grandparent of decedent or decedent’s spouse and (B) who shall serve with one or more co-fiduciaries, at least one of whom is resident in this state. Any appointment of a non-domiciliary alien fiduciary or a New York resident fiduciary hereunder shall be made by the decedent’s will or, if no effective appointment is made by the decedent’s will, by the court in its discretion”.
Paragraph (c) was recently amended (L 1986, ch 780, eff Aug. 2, 1986).
Under the prior enactment, it had been uniformly held that a nondomiciliary alien could not, himself, designate another person to administer the estate. (Matter of Kassam, 141 Misc 366, affd 235 App Div 609 [1st Dept 1932].)
In Matter of Sorensen (195 Misc 742 [Sur Ct, Kings County 1949]) this very court, under Surrogate McGarey, dealt with the same issue that is currently before this court. The learned Surrogate stated that:
*974 "The Surrogate’s Court Act and its predecessors, the Code of Civil Procedure and the Revised Statutes, have charted the course of the court in its appointments of fiduciaries, both personal and corporate. At least as early as the Revised Statutes of 1859 it was provided that letters of administration should not be granted to a nonresident alien (Matter of Marret, 152 Misc. 713, 714) * * * Section 118 [of the then Surrogate’s Ct Act, the predecessor section to SCPA 1001] provides 'Administration * * * must be granted to the persons entitled to take or share in the personal property, who are competent * * *’ The word 'competent’ has been construed as excluding those persons who are disqualified under section 94 of the Surrogate’s Court Act (Matter of Reit, 183 Misc. 261, 262; Matter of Fichter, 155 Misc. 399, 402). Subdivision 3 of section 94 [the forerunner to the now SCPA 707] provides that a person who is an alien, not an inhabitant of this State, is not competent to serve as an administrator. The nominee of an alien nonresident possesses no greater right than his nominor (Matter of Findlay, 253 N. Y. 1, 13; Matter of Franko, 169 Misc. 356); neither does an assignee of a sole distributee nonresident alien (Matter of Kassam, supra).
"There is no inherent right to administer. It is purely statutory (Matter of D’Agostino, 88 Misc. 371, 375). Section 118 further provides that administration may be granted to a competent person not entitled upon the consent of all the persons entitled to take or share in the estate whether within or without this State and competent” (Matter of Sorensen, supra, at 742, 743).
This learned interpretation of the law is as valid today as it was then. As the nondomiciliary alien is ineligible to receive letters, he likewise cannot designate a nonbeneficiary to receive them on his behalf. (Matter of Hungerford, 117 Misc 2d 272 [Sur Ct, Nassau County 1983]; Matter of Dankerl, 12 AD2d 678 [3d Dept I960].)
This leaves us with the need to construe the revision of SCPA 707 (1) (c) and its possible relevancy to intestacies. While potentially, the new amendment may lead one to believe that it encompasses intestate administrations, a more natural interpretation would restrict its intent to testamentary fiduciaries, especially upon reading the last sentence of the last paragraph. (Cf., Matter of Al-Ahmad, 133 Misc 2d 338 [Sur Ct, NY County 1986].) Thereby, even under the new enactment, a nondomiciliary alien would still be unable to designate another person to receive letters of administration.
*975 Petitioner’s attorney, however, argues to the contrary. In his supporting affidavit he apparently agrees with this court in its statutory interpretation stating, on page 2, that: "While the literal language of SCPA § 1001 (6) indicates that the designee procedure is unavailable under present facts, authority to the contrary, viz.: where the only persons interested are non-residential aliens and have designated a person to receive letters, their designee should be appointed if such designee is otherwise qualified. Matter of Taomina, 2 App Div 2d 711, 153 N Y S 2d 250 (2nd Dept. 1956).”
Matter of Taomina (supra) concerns itself with the determination of who is a proper party to receive ancillary letters of administration, and, as such, it is not pertinent. Ancillary letters are granted only for foreign domiciliaries and "only when there is an actual administration in the domiciliary jurisdiction.” (SCPA 1601.) In the case at bar, no such previous authority has been granted since the decedent was a domiciliary of New York, and the primary estate is here.
The petitioner’s request to grant letters of administration to a designee nondistributee is denied.
Letters of administration are granted instead to Hazel C. Asch (the remaining distributee of the decedent and a resident of this State) upon her duly qualifying and posting a bond in the sum of $150,000. Should she fail to so qualify, then the letters are granted to the Public Administrator of this county without a bond.