■ JAMES J. COLLINS, as Public Administrator of the Estate of MURIEL JAMES, Deceased, Respondent, v JAMAICA HOSPITAL et al., Appellants, et al., Defendants.—

On December 7, 1984, Muriel James died during the course of a caesarean section operation performed by the defendant Jean in the operating room of the defendant Jamaica Hospital. Muriel James died intestate and was survived by her husband, mother, and two minor infants. Her husband, mother, and older infant were nondomiciliary aliens. Accordingly, under the applicable statute at the time of her death, all of these persons were unable to receive letters of adminis-

tration *(see,* SCPA former 707 [1] [a], [c]; *cf.,* SCPA 707 [1] [c], as amended L 1986, ch 780, § 1; *Matter of Cowen,* 134 Misc 2d 972; *Matter of Al-Ahmad,* 133 Misc 2d 338).

It was not until May 1987 that the decedent's husband initiated a proceeding in the Surrogate's Court, Queens County, to have an administrator appointed for the limited purpose of commencing an action against the defendants Jean and Jamaica Hospital. On June 5, 1987, letters of administration were issued to James Collins, the Public Administrator of Queens County. On that same day, a summons with notice, seeking damages for conscious pain and suffering and wrongful death and naming Collins as the plaintiff and Jean and Jamaica Hospital as defendants, was filed with the Queens County Clerk pursuant to CPLR 203 (b) (5). On August 4, 1987, the defendant Jamaica Hospital was served with process, and on August 5, 1987, the defendant Jean was personally served pursuant to CPLR 308 (2).

The Supreme Court held, *inter alia,* that the two-year period of limitations for the cause of action in the complaint sounding in wrongful death was tolled because: "none of this decedent's distributees qualified for letters of administration when she died. Her children were too young (both under five years of age) and her husband and mother were both non-resident aliens". We disagree.

The cause of action sounding in wrongful death was interposed by the plaintiff, the Public Administrator of Queens County, as administrator of Muriel James' estate, more than two years after decedent's death. It was therefore, untimely *(see,* EPTL 5-4.1; *Ratka v St. Francis Hosp.,* 44 NY2d 604; *Bonilla v Abbott,* 113 AD2d 861). Contrary to the argument of the plaintiff and the holding of the Supreme Court, the two-year period of limitations was not tolled in the instant case, since the plaintiff Public Administrator of Queens County "suffered from no disabilities and was eligible and able to act as administrator" at the time of the decedent's death *(Bonilla v Abbott, supra,* at 862; *see also,* SCPA 1001 [8]; 1002 [1]; *Ratka v St. Francis Hosp., supra).*

However, the plaintiff's cause of action against the defendants for the decedent's conscious pain and suffering based on the appellants' medical malpractice is governed by the 2½-year period of limitations (CPLR 214-a) and, based on the instant record, was timely interposed *(see,* CPLR 203 [b] [5]; *Berkshire Life Ins. Co. v Fernandez,* 71 NY2d 874; *Reporter Co. v Tomicki,* 60 AD2d 947). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.