Samuel J. Silverman, S.
This is a petition for the issuance of letters of administration with the will annexed under SCPA 1418 (subd. 6).
The decedent, Herbert C. Edwards, died in 1965 leaving a will which named his mother ( a resident of Georgia) as sole legatee and executrix. The will was probated and letters testamentary issued to the mother. In April, 1967, the mother died. Her will names a Georgia bank as her executor.
SCPA 1418 (subd. 1, par. [a]) provides that first priority in the issuance of letters of administration with the will annexed shall be “ to a sole beneficiary or if he be dead to his fiduciary ”. Thus, if otherwise eligible, the Georgia bank would have the first right to the issuance of these letters.
However, because of absence of a reciprocity statute in Georgia, the Georgia bank is not eligible to be appointed administrator with the will annexed in New York. (Banking Law, *903 § 131, subd. 3.) The Georgia bank has executed a consent to the appointment as such administrator of petitioner, a New York attorney, who, as attorney for the deceased mother executrix, had been engaged in the administration of the estate. The Public Administrator objects and contends that the Public Administrator should be appointed as administrator with the will annexed. (See SCPA 1418, subd. 2.)
SCPA 1418, (subd. 6) provides as to administration with the will annexed: ‘ ‘ Administration may be granted to an eligible person or persons not entitled as beneficiaries upon the acknowledged and filed consent of all of the beneficiaries, provided none of the beneficiaries is under disability. The guardian of the property of an infant beneficiary or the committee of the property of an incompetent beneficiary may so consent.”
A “ beneficiary ” is defined as “ Any person entitled to any part or all of the estate of a decedent under a will or in intestacy.” (SCPA 103, subd. 8.) Thus, literally the bank as executor of the estate of the sole legatee would seem to be a “ beneficiary.” On the other hand, subdivision 1 of SCPA 1418, quoted in part above, distinguishes between a “ beneficiary ” and “ his fiduciary.”
The provision permitting beneficiaries under a will to designate administrators with the will annexed is a new provision introduced in SCPA. There was apparently no analogous provision in the predecessor Surrogate’s Court Act with respect to administrators with the will annexed.
There was an analogous provision in the Surrogate’s Court Act with respect to administrators on intestacy (Surrogate’s Ct. Act, § 118) and under that statute it was uniformly held that a person not himself eligible to receive letters could not designate some one to receive letters (cf. Matter of Marret, 152 Misc. 713, 714 [Surrogate’s Ct., N. Y. County, 1934] ; Matter of Kassam, 141 Misc. 366, 368 [1931], affd. 235 App. Div. 609 [1st Dept., 1932]). But the then governing statute was somewhat different.
There would seem to be room for different policies as to the scope of the power of beneficiaries to designate administrators in intestate and testate situations.
SCPA now contains a significant difference in language between the provision as to designating an administrator in intestate situations (SCPA 1001, subd. 6) and the new right to designate administrators with the will annexed (SCPA 1418, subd. 6). Thus, in the intestate situation, the consenting distributees must themselves be “ eligible ” (SCPA 1001, subd. 6), i.e., not disqualified to receive letters on any of the grounds set *904 forth in SOPA 707. (See SOPA 103, subd. 18.) On the other hand, with respect to the appointment of administrators with the will annexed under SOPA 1418 (subd. 6), the requirement is that ‘ ‘ none of the beneficiaries is under disability. ’ ’ A person under disability is an infant, incompetent, incapacitated person, etc. (SPOA 103, subd. 37). And even as to infants and incompetents, their guardian or committee can designate. (SOPA 1418, subd. 6.)
Clearly, the Georgia bank executor is not a person under disability, even though it is not a person “ eligible” to receive letters.
Here, the mother, the sole beneficiary, had designated the Georgia bank as the person to be the executor of her estate. It seems to me to make practical sense, and to accord with the policy of the statute, to permit the Georgia bank’s designee, rather than the Public Administrator, to act as administrator with the will annexed, and to interpret the statute as permitting this result. Accordingly the petition is granted. Decree signed.