OPINION OF THE COURT
C. Raymond Radigan, J.
The question posed in this proceeding is may a bank incorporated in Florida and authorized by the laws of that State to act in a fiduciary capacity as trustee be appointed ancillary trustee of real property located in New York?
Section 131 (3) of the Banking Law states a banking or trust company incorporated under the laws of another State which authorizes such corporation to act in a fiduciary capacity *488 under a will or an inter vivos trust is prohibited from acting in New York in such capacity unless domestic banks or trust companies are permitted to act in a like fiduciary capacity in the State where the foreign bank or trust company has its domicile (see also, Matter of Edwards, 56 Misc 2d 902). The answer to the question therefore depends on whether Florida has a reciprocal law.
The decedent died a resident of Florida in which State his will was probated. Under article fifth of the will the decedent directed the establishment of a testamentary trust, and nominated the First National Bank of Pompano Beach as trustee. The petitioner, First Union National Bank of Florida, is the successor in interest to the nominated trustee.
The major asset of the testamentary trust is a parcel of real property situated in Bellerose, Nassau County, New York. Although this court has entertained ancillary probate proceedings and issued ancillary letters testamentary to Mary Westpfal, a fiduciary under decedent’s will, it has not issued letters of trusteeship. In the intervening period, Mary Westpfal, the income beneficiary of the trust, has died. Petitioner bank has requested issuance of letters of trusteeship to enable it to convey title to the property in Bellerose which it has contracted to sell.
Florida Statutes Annotated, title 38, § 660.41 provides as follows:
"All corporations, except banks or associations and trust companies incorporated under the laws of this state and having trust powers and except national banking associations or federal associations located in this state and having trust powers, are prohibited from exercising any of the powers or duties and from acting in any of the capacities, within this state, as follows:
"(1) As personal representative of the estate of any decedent, whether such decedent was a resident of this state or not, and whether the administration of the estate of such decedent is original or ancillary; however, if the personal representative of the estate of a nonresident decedent is a corporation duly authorized, qualified, and acting as such personal representative in the jurisdiction of the domicile of the decedent, it may as a foreign personal representative perform such duties and exercise such powers and privileges as are required, authorized, or permitted by s. 734.101 * * *
"(3) As trustee under any will or other testamentary instru *489 ment, except that any corporation that is authorized to act as trustee under the laws of the place where it has its principal place of business may receive bequests as trustee of money or intangible personal property and devises of real property located in this state and may sell, transfer, and convey the property.”
The quoted language of subdivision (3) of the statute allows a bank or trust company incorporated outside the State of Florida to act as trustee in that State provided the laws of the place where the foreign corporation has its principal place of business authorizes it to act in the same capacity. Section 660.41 furthermore expressly permits the foreign trustee to sell, transfer and convey real and personal property located in Florida (cf., Girard Trust Co. v Tampashores Dev. Co., 95 Fla 1010, 117 So 786; accord, Pierson v Bill, 138 Fla 104, 189 So 679, 681).
The reciprocity granted under the Florida statute is limited to fiduciaries serving in a capacity as trustees. The New York statute (Banking Law § 131 [3]), on the other hand, is significantly broader in scope as the term fiduciary includes an administrator, executor and guardian among others (cf., SCPA 103 [21]). However, with respect to the rights of banks and trust companies to act as trustees, the two statutes are coextensive, and the relief sought in the petition before the court is likewise restricted to the appointment of the Florida bank as ancillary trustee.
The petition is accordingly granted. Letters will be granted upon qualifying in accordance with Banking Law § 131 (3).